ARTHUR J. SEVERINI, DEFENDANT-APPELLANT, v. THE
STATE OF NEW JERSEY, DEPARTMENT OF LAW AND
PUBLIC SAFETY, DIVISION OF ALCOHOLIC BEVERAGE
CONTROL, PLAINTIFF-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 18, 1963—Decided January 2, 1964.

2

Before Judges CONFORD, FREUND and SULLIVAN.

*Mr. John A. Craner* argued the cause for appellant.

*Mr. Avrom J. Gold,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

SULLIVAN, J. A. D. This is an appeal from a ruling by the Acting Director of the Division of Alcoholic Beverage Control (Director).

The matter has the following background. Arthur J. Severini, appellant herein, became employed as a truck driver by Red Star Express Lines (Red Star), the holder of a New Jersey liquor transportation license. Under regulations of the Alcoholic Beverage Control Division, and subject to certain enumerated exceptions, every employee of a liquor licensee is required to execute a specified form of questionnaire. If answers to the questionnaire disclose conviction of a crime, such questionnaire must be filed with the Division. In December 1962 Severini filled out a questionnaire which disclosed that on June 25, 1962 he had been convicted of a crime in New York City. Upon the filing of such questionnaire with the Division, inquiry was made of the New York City Police Department and it was ascertained that appellant had been convicted of criminally concealing and withholding stolen and wrongfully acquired property.

The Director then wrote to Severini's employer Red Star and advised it that Severini had been convicted of a crime which "may involve moral turpitude." The Director pointed out that under provision of the Alcoholic Beverage Control Law, *N. J. S. A.* 33:1–25 and 26, a person convicted of a crime involving moral turpitude was disqualified from employment by a liquor licensee, and that employment of such a person was ground for suspension or revocation of the employer's liquor license. Red Star was directed that "you may

not continue to employ" Severini unless Severini filed with the Division a petition to determine his eligibility.

Severini requested a hearing before the Division as to his eligibility for employment. A hearing was had and Severini appeared and testified on his own behalf. Thereafter the Director rendered a decision that in his opinion the crime of which Severini had been convicted involved the element of moral turpitude and that "in the opinion of the Director, he is not presently eligible * * * to be employed by * * * the holder of any such license within the meaning of R. S. 33 :1–25, 26." Severini and his employer were notified of the ruling. It is from such ruling that Severini appeals.

Preliminarily, the Division argues that the Director's ruling was not a final decision and therefore not appealable. R. R. 4 :88–8 (a). While the ruling is in the form of an advisory opinion by the Director, the effect of such opinion is to declare appellant ineligible to continue in the employment of Red Star (or to be employed by any liquor licensee). Appellant's standing to appeal such ruling is clear. *Kravis v. Hock,* 136 *N. J. L.* 161, 164 (*E. & A.* 1947).

On the merits of the appeal, appellant argues that a determination by a state agency that a crime involves moral turpitude should be based solely on the record of conviction, and that a conviction of criminally concealing and withholding stolen and wrongfully acquired property as a misdemeanor is not a crime involving moral turpitude.

Our consideration of the criminal law here involved, *New York Penal Law,* McKinney's Consol. Laws, c. 40, § 1308, makes it clear that the elements of the crime spell out moral turpitude. *Weinstein v. Division of Alcoholic Beverage Control,* 70 *N. J. Super.* 164 (*App. Div.* 1961) ; *Raphalides v. N. J. Dept. of Civil Service,* 80 *N. J. Super.* 407 (*App. Div.* 1963) ; *cf. State Bd. of Medical Examiners v. Weiner,* 68 *N. J. Super.* 468, 488–494 (*App. Div.* 1961). The statute makes the crime a felony or misdemeanor, depending on the value of the property involved. However, the elements of the crime are the same no matter what the value of the

property is. *Raphalides v. New Jersey Dept. of Civil Service, supra.*

Appellant's other point is that the Director had no jurisdiction to render a decision that appellant was not eligible for employment by any liquor licensee. He relies on the holding in *Kravis v. Hock, supra.* In that case the Commissioner (now Director) had ruled that Kravis was ineligible to be employed by any liquor licensee in New Jersey because of his conviction of a crime involving moral turpitude. On appeal the Court of Errors and Appeals held that the Commissioner was without jurisdiction to make such a ruling and that the Alcoholic Beverage Control Law did not empower the Commissioner to make "any rule or decision concerning the eligibility of an individual for employment on licensed premises." 136 *N. J. L.*, at *p.* 163. The court went on to state that the Commissioner might institute disciplinary proceedings against any licensee found employing an ineligible person, and that such licensee was also subject to criminal proceedings. The court concluded that the only control the Commissioner has over those employed in the liquor business is through the licensees, and that "[h]e has no power to rule a person ineligible to work in a licensed establishment except, on proper grounds, to order the licensee not to employ such person." 136 *N. J. L.*, at *p.* 163.

We question the soundness of the *Kravis* holding since it would appear that the type of ruling there (and herein) involved is well within the supervisory and investigatory powers vested in the Director under the Alcoholic Beverage Control Law and highly desirable, if not absolutely necessary, for the proper and efficient administration of the act. However, *Kravis* was decided by the highest court of this State and we must follow its holding. *Miller v. Zurich General Accident and Liability Ins. Co.,* 36 *N. J. Super.* 288, 294 (*App. Div.* 1955).

In any event, the defect in the Director's ruling herein appears to be one of form only. Under *Kravis,* the Director has power to order Red Star not to employ Severini on the ground

that Severini has been convicted of a crime involving moral turpitude.

At oral argument appellant made the argument that his conviction of the crime in question did not disqualify him from employment by Red Star because his work assignment was in nowise connected with the transportation of liquor. This issue was not raised at the hearing before the Director, nor were any facts as to the scope of appellant's employment by Red Star presented. Appellant requested that we remand the matter to the Director for establishment of the facts and consideration of this new issue. The parties were permitted to submit supplemental memoranda on the question of a remand.

In support of his request appellant refers to Regulation No. 12 of the Division, under which employees of liquor licensees are required to execute the afore-mentioned form of questionnaire, and cites Rule 2 of said regulation, which states "that this Rule shall not apply to:

"* * * (c) Stenographers, telephone operators, clerks, office boys and other employees who do not handle any alcoholic beverages and have no voice in the conduct of the licensee's alcoholic beverage business in this State."

From the foregoing appellant argues that the sense of the regulation is that employees who do not handle any alcoholic beverages and have no voice in the conduct of the licensee's alcoholic beverage business are excluded from the disqualification in the statute, and that the regulation reflects the true meaning of the act.

Assuming appellant's contention as to the nature of his employment to be the fact, we see no merit to his argument. The statute involved provides, *inter alia,* that "No person who would fail to qualify as a licensee under this chapter shall be knowingly employed by or connected in any business capacity whatsoever with a licensee." *N. J. S. A.* 33:1–26. This provision must be read together with the previous section which, *inter alia,* provides that "No license of any class

shall be issued * * * to any person who has been convicted of a crime involving moral turpitude." *N. J. S. A.* 33 :1–25.

■ The statutory language is absolute. "No person" who has been convicted of a crime involving moral turpitude, "shall be knowingly employed by * * * a licensee." We take the statute to mean what it says and to bar the employment of any person convicted of a crime involving moral turpitude, no matter what the nature of his employment.

■■ As to Rule 2 of Regulation 12, we note that it deals only with the requirement that, subject to certain enumerated exceptions, employees of a licensee shall execute a specified form of questionnaire. *Quaere,* whether a person employed as a truck driver by the holder of a liquor transportation license would come under the exception in Rule 2 (c) relating to "employees who do not handle any alcoholic beverages and have no voice in the conduct of the licensee's alcoholic beverage business." In any event, the regulation cannot modify or change the statutory provision. *N. J. S. A.* 33 :1–39. We are satisfied that the disqualification set forth in the statute applies to appellant, and that the Director has the power to order the licensee not to employ appellant.

The matter is remanded to the Division for the entry of an order in conformity with this opinion.