

# THE ATTORNEY GENERAL
## OF TEXAS

April 19, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Robert T. Jarvis
Grayson County Attorney
Justice Center
Sherman, Texas    75090

Opinion No.  JM-1041

Re:  Costs for medical exa-
minations  of  rape   victims
under article 4447m, V.T.C.S.
(RQ-1661)

Dear Mr. Jarvis:

You ask about the proper construction of article 4447m, V.T.C.S., which governs the payment of the cost of medical examinations of victims of sexual assault. Article 4447m, V.T.C.S., provides:

> Section 1. Any law enforcement agency that requests a medical examination of a victim of an alleged sexual assault for use in the investigation or prosecution of the offense shall pay all costs of the examination.

> Sec. 2. This act does not require a law enforcement agency to pay any costs of treatment for injuries.

You first ask about the proper construction of the phrase "all costs of the examination." In your letter requesting an opinion you state:

> It is my opinion that 'all costs of the examination' is interpreted to include emergency room fee, physician or nurse examiner fee, evidence collection kit cost, x-rays, diagnostic test (pregnancy, toxicology if survivor was involuntarily drugged, VDRL, chlamydia for children under 12 years of age). This would not include testing for HIV or any treatment or admission costs.

Article 4447m, V.T.C.S., has never been construed by any court or attorney general opinion. The statute was

first enacted in 1973, Acts 1973, 63d Leg., ch. 299, at 704 [hereinafter H.B. 857], and amended in 1983. Acts 1983, 68th Leg., ch. 977, § 11, at 5321 [hereinafter H.B. 2008]. The bill analysis for H.B. 857 prepared for the House Committee on Criminal Jurisprudence contains the following "Background Information":

> Presently many rape victims are required to pay for medical examinations made in connection with investigation or prosecution of the offense. It is felt that this cost should be born [sic] by the law enforcement agency involved.

Bill Analysis, Tex. H.B. 857, 63d Leg. (1973).

The bill analysis sets forth the purpose of the bill:

> To require law enforcement agencies to pay the costs of any medical examination made in connection with the investigation or prosecution of an alleged rape.

Id.

The "Section by Section Analysis" of the bill analysis sets forth the following:

> Section 1. Provides that a law enforcement agency which requests a medical examination of a victim of an alleged rape for use in investigation or prosecution of the offense shall pay for the examination.

> Section 2. Provides that the law enforcement agency is not required to pay for the treatment of injuries.

Id.

The 1983 amendment to article 4447m, V.T.C.S., was part of an omnibus bill designed to classify the offenses of rape and sexual abuse of adults and children as "sexual assault" and to remove such offenses from the Penal Code chapter on Sexual Offenses. Tex. H.B. 2008. The "Section by Section Analysis" of the bill analysis indicates that the amendment to article 4447m was designed to "make conforming changes";

thus, the amendment replaced the word "rape" with the phrase "sexual assault."    Id.

There is then no indication in the legislative histories of article 4447m, V.T.C.S., and its amendment that the legislature intended with its use of the phrase "medical examination" that any specific medical procedures be included or excluded. In construing civil statutes, we are required to attempt to ascertain legislative intent and consider the old law, the evil to be addressed, and the proposed remedy. Gov't Code § 312.005. Because the facts involved in any alleged episode of sexual assault will vary from instance to instance, we construe "medical examination" to include any recognized medical procedure whose performance reasonably would be expected to produce evidence that would tend to support or refute allegations of sexual assault in any specific episode. A determination regarding the suitability or necessity of any particular medical examination procedure in any instance of alleged sexual assault is a matter of fact, the initial determination of which must lie with the law enforcement agency making the request for a medical examination.

We understand you to ask next whether the investigating law enforcement agency is responsible for all costs of the examination, even in an instance in which no agency peace officer requests the initial medical examination. We answer your question in the affirmative. The act neither requires nor presupposes that a peace officer requests the medical examination; the act by its very terms requires only that any law enforcement agency that requests a medical examination of a victim of an alleged sexual assault that is to be used in the investigation or prosecution of the offense pay all costs of the examination. The act by its terms does not permit or require that the investigating law enforcement agency pay the cost of any medical examination that it itself does not request.

Finally, you ask about the proper construction of the phrase "investigating law enforcement agency." We understand you to ask whether the phrase includes only a city police department or a county sheriff's office in whose jurisdiction the alleged incident occurred or whether it

includes the local district or criminal district attorney's office whose responsibility it is to prosecute the case.[1]

The statute itself does not define "investigating law enforcement agency," nor does Texas law contain a definition of "investigating law enforcement agency" that generally would be applicable. Courts have construed the phrase "law enforcement agency" to include various state and local officers and employees, depending upon the intention of the legislature at the time.

For example, a penitentiary, a county department of corrections, a state agency denominated the Division of Alcoholic Beverage Control that oversaw the state's regulation of alcoholic beverages, a coroner's office, as well as police, prosecutors and even the courts and a grand jury, have been declared "law enforcement agencies" for certain purposes. See, e.g., Duffin v. Carlson, 636 F.2d 709 (D.C. Cir. 1980); People v. Scott, 583 P.2d 939 (Colo. Ct. App. 1978) (prisons or penitentiaries as law enforcement agencies); Heltzel v. Thomas, 516 N.E.2d 103 (Ind. Ct. App. 1988) (coronor's office as law enforcement agency); Criminal Injuries Compensation Bd. v. Gould, 331 A.2d 55 (Md. Ct. App. 1975) (police, prosecutors, court, and grand jury are law enforcement agencies for certain purposes); Matter of C. Schmidt & Sons, Inc., 399 A.2d 637 (N.J. 1979) (Division of Alcoholic Beverage Control, a state agency, as a law enforcement agency).

On the other hand, a federal agency denominated the Department of Income Maintenance that oversaw federal administration of state investigations of medicaid fraud, a state racing commission, and even a city police department, have been held not to be law enforcement agencies for

_____

1. We note that in your letter requesting an opinion you suggest that article 4447m, V.T.C.S., has been construed to require, in some instances, the victim of alleged sexual assault to pay the costs of any relevant medical examination. No reasonable reading of article 4447m, V.T.C.S., admits of such a construction; the act is clear that any investigating law enforcement agency that requests a medical examination of a victim of alleged sexual assault in connection with the investigation or prosecution of such assault must pay the costs of such a medical examination.

specific purposes under the particular statutes involved. Maher v. Freedom of Information Comm'n, 472 A.2d 321 (Conn. 1984) (Department of Income Maintenance is not a law enforcement agency); Maietta v. New Jersey Racing Comm'n, 459 A.2d 295 C.N.J. 1983).

We may not construe statutes in such a way as to ascribe to the legislature an intention to do an unjust or unreasonable thing if it is reasonably susceptible of a construction that will not accomplish such a result, Anderson v. Penix, 161 S.W.2d 455 (Tex. 1942), or that shows the legislature's intention to have been otherwise. State Highway Dep't v. Gorham, 162 S.W.2d 934 (Tex. 1942). We conclude that the construction of the phrase "investigating law enforcement agency" that best comports with the evident legislative intent is one that would require the investigating agency that requests such an examination, whether that be a city police department, a county sheriff's department, or a local prosecutor's office in any particular instance to pay for any necessary medical examination.

## S U M M A R Y

Article 4447m, V.T.C.S., requires an investigating law enforcement agency that requests a medical examination that is necessary for the investigation or prosecution of an alleged episode of sexual assault to pay for the costs of such an examination. The phrase "medical examination" includes any recognized medical procedure whose performance reasonably would be expected to produce evidence that would tend to support or refute allegations of sexual assault in any specific episode. A determination of the suitability or necessity of a particular medical examination procedure in any instance of alleged sexual assault is a matter of fact, the initial determination of which must lie with the investigating law enforcement agency making the request for a medical examination. The act does not require that a peace officer request a medical examination; the act only requires the investigating law enforcement agency to pay for the cost of such a medical examination when that agency requests that such an examination be conducted. The phrase "law enforcement agency" includes a city

police department, a county sheriff's office, or a local prosecutor's office.

Very truly yours

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General