■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO VASQUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 6, 1973, convicting him of criminal possession of a dangerous drug in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. At a hearing on defendant's motion to suppress evidence, when it became evident that defendant's arrest had been precipitated by information supplied by a police informer, defendant requested that the informer's identity be revealed, but the request was denied. The suppression hearing was crucial because it presented the question of whether defendant's arrest was based upon probable cause, and, of course, it is defendant's claim that he was denied a fair hearing on that question. Under all the facts of this case and admittedly some of them border on the bizarre, we conclude that there is merit to defendant's claim and that fundamental justice requires a new trial. With the denial of the request for the informer's identity, the only proof of the informer's existence and his information was the testimony by the police officer, Detective John McLean, who allegedly had been in contact with him. The People concede that, aside from McLean's testimony and what they refer to as a circumstantial guarantee, there is no indication in the record that the informant existed. They also concede that there was no prior history of reliability with respect to the informer in that there was *no* testimony that previous information supplied by him had led to arrests and convictions. The following quotation from *People v Darden* (34 NY2d 177, 181) is appropriate: "In any event the court regards it as fair and wise, in a case such as this, where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer, when the issue of identity of the informer is raised at the suppression hearing, for the suppression Judge then to conduct an *in camera* inquiry." There was no such inquiry here, despite the presence

of several factors which indicate its necessity to prevent prejudice to defendant. First, the People revealed after the trial that the informant was someone named Solomon, who according to the police testimony was an actual participant in the commission of the crime. Very recently the Court of Appeals, in *People v Goggins* (34 NY2d 163, 169–170), said: "Undoubtedly the strongest case for disclosure [of an informant's identity] is made out when it appears that the informant was an eyewitness or a participant in the alleged crime." Second, the People revealed in their brief on this appeal that Solomon had recently been found murdered in Staten Island, so his version of the story can never be told. Third, the link between him and the police, viz., McLean, has been dismissed from the Police Department and was recently convicted in the United States District Court, Eastern District of New York, for shaking down narcotics dealers. This latter point, or at least the credibility of McLean and the other police officers who testified against defendant, was a key issue at the trial. The People took the unusual step on direct examination of introducing evidence of the medals and departmental commendations they had received. For his part, defendant countered by the issuance of one or more subpoenas duces tecum calling for the production of all sorts of police records. The subpoenas were quashed as overly broad and we agree, generally, with that determination. We also acknowledge that police files and records contain much that is privileged and confidential and which should not be disclosed except upon a clear showing of materiality (see *People v Norman*, 76 Misc 2d 644, 649; *People v Goggins*, 34 NY2d 163, 169, *supra*). Nevertheless, under the peculiar circumstances of this case, enough was shown to permit defendant to examine the relevant portions of the personnel records of the officers who were testifying against him. The trial court should have conducted an *in camera* proceeding to determine the relevancy and materiality of those records. Rabin, Acting P. J., Hopkins, Latham, Munder and Shapiro, JJ., concur.