554 P.2d 984

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Erma POHL, Defendant-Appellant.**

**No. 2607.**

Court of Appeals of New Mexico.

Sept. 14, 1976.

524

Jan A. Hartke, Acting Chief Public Defender, Don Klein, Asst. App. Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

■ Convicted of battery upon a peace officer contrary to § 40A–22–23, N.M.S.A. 1953 ·(2d Repl.Vol.1972) defendant appeals. She claims that the trial court erred in not conducting an *in camera* inspection of the internal affairs file on the arresting officer to determine whether those files contain matters material and relevant to the defense before quashing her *subpoena duces tecum* to obtain those files. We agree.

■ Because this case was assigned to a legal calendar pursuant to N.M.Crim.App. Rule 207(c), and the state did not object to the recitation of facts, this court accepts the facts stated in the docketing statement. The docketing statement recites a conflict between the testimony of the arresting officer, who was the victim, and the defendant, concerning the incident. The docketing statement depicts an issue for the jury, having to choose between the credibility of the officer, who recalled an unprovoked attack by the defendant, and the defendant, who claimed she came to the rescue of a companion who was being beaten after he had been handcuffed by the arresting officer.

Prior to trial the defendant moved to inspect and·copy ". . . all records of internal affairs investigations concerning allegations of police brutality or excessive use of force which have been filed against the arresting officer." The motion was denied.

At trial the defendant subpoenaed the chief of the internal affairs unit with a *subpoena duces tecum* for the file of the arresting officer. When the city attorney asserted privilege the subpoena was quashed. The defendant then requested that the trial court conduct an *in camera* inspection of the files to determine whether any portion was relevant. This request was denied.

We hold that under the circumstances of this case the trial court erred in not conducting an *in camera* inspection to determine whether the files contained evidence material to the defense. Whether or not the files were privileged is not dispositive of the issue. For the purpose of this opinion we assume, but do not decide, that they were privileged.

■ Records may be confidential as against the public at large but an inspection must be allowed when the defendant's guilt or innocence may hinge on whether the jury believes the arresting officer is the aggressor. *City of Tucson v. Superior Court,* 25 Ariz.App. 512, 544 P.2d 1113 (1976); *People v. Vasquez,* 49 A.D.2d 590, 370 N.Y.S.2d 144 (1975), and *State v. Fleishman,* 10 Or.App. 22, 495 P.2d 277 (1972); see *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *State v. Curtis,* 87 N.M. 128, 529 P.2d 1249 (1974); compare *Cooper v. United States,* 353 A.2d 696 (D.C.App.1976).

The state urges that the defendant's motion was based on conjecture. We disagree. *State v. Tackett,* 78 N.M. 450, 432 P.2d 415 (1967) is not on point. Defendant showed as specific a need as could be expected under the circumstances of this case. Compare *People v. Sumpter,* 75 Misc. 2d 55, 347 N.Y.S.2d 670 (1973). Here defendant had shown two prior instances of the officers alleged misconduct. The request for an *in camera* inspection by the judge could not rightly be called a "fishing expedition." See *State v. Turner,* 81 N.M. 571, 469 P.2d 720 (Ct.App.1970).

The state likewise suggests that because the officer was cross-examined as to the two incidents, there was no prejudice. We disagree. In the absence of a determination of what the files would have shown we cannot hold there was no prejudice. See *Chacon v. State,* 88 N.M. 198, 539 P.2d 218 (Ct.App.1975).

The judgment is conditionally affirmed. We remand the case to the trial court for an *in camera* hearing to determine whether the files of the arresting officer in the internal affairs unit contain matters material and relevant to the defense. *State v. Debarry,* 86 N.M. 742, 527 P.2d 505 (Ct.App. 1974).

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.