678 P.2d 710

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles FUGATE, Defendant-Appellant.**

**No. 7113.**

Court of Appeals of New Mexico.

Sept. 1, 1983.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Linda Fischer, Hobbs, for defendant-appellant.

OPINION

WALTERS, Chief Judge.

Defendant was charged with homicide by vehicle. His first trial resulted in a conviction, and it was overturned by this court on appeal. Upon remand for a second trial, he was again found guilty. On this appeal, we initially calendared the case for summary reversal. The State filed a memorandum in opposition to the proposed calendar-

ing, and we reassigned the matter to the legal calendar. Defendant's statement of the issue presented is:

Whether double jeopardy precludes a prosecution for Homicide by Vehicle concerning an incident where the defendant has previously been convicted of Driving While Intoxicated and Careless Driving.

The question arises because defendant was convicted in Carlsbad Municipal Court, on pleas of nolo contendere, of careless driving and driving while under the influence of alcohol (DWI), in violation of municipal ordinances. The charges followed a three-car collision on August 12, 1981; the municipal court convictions were had on August 13th. On September 5, 1981, one of the persons injured in the accident died. On September 11, 1981, defendant was charged by criminal information in district court with vehicular homicide, the charge being made alternatively in the language of the statute, NMSA 1978, § 66–8–101 (Cum. Supp.1982), and of NMSA 1978, UJI Crim. 2.60 (Repl.Pamp.1982), to assert death or great bodily injury resulting from defendant's unlawful operation of a motor vehicle. Defendant filed a motion to dismiss on grounds of double jeopardy on February 1st; the jury was selected on February 2nd and a verdict returned on February 3rd. Although the record does not reflect a ruling by the court on defendant's motion, it is apparent from the course of proceedings that it was denied.

In our initial calendaring of this case, we relied on the statements of the docketing statement (which, if not challenged, are taken as true) to infer that the municipal and state offenses of careless and reckless driving were the same for double jeopardy purposes. In its memorandum in opposition, the State accepted that inference, and asserted only that the exceptions of *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), *i.e.*, jurisdictional and lack of necessary facts, removed this case from a double jeopardy consideration.

We have recently twice discussed, in *State v. Padilla*, 101 N.M. 78, 678 P.2d 706 (Ct.App.1983), and *State v. Manzanares*, 100 N.M. 621, 674 P.2d 511 (Ct.App.1983), the unmistakable rejection by the United States Supreme Court of the *Diaz* "jurisdictional exception." We agree with defendant that a jurisdictional exception does not exist.

Under NMSA 1978, § 66–8–101(C), vehicular homicide can be committed only by reckless driving or DWI. The State has, in effect, conceded that reckless and careless driving are identical offenses. We do not, therefore, consider whether careless driving is a necessarily included lesser offense of reckless driving. *See State v. Pohl*, 89 N.M. 523, 554 P.2d 984 (Ct.App.1976). We address, instead, the State's only argument—that the *Diaz* "necessary facts" exception supports the district court conviction. It contends that although defendant could have been charged with great bodily injury under § 66–8–101 at the time he was charged with careless driving and DWI in municipal court, he could not have been charged at that time for causing death by vehicle under the same statute because the death had not yet occurred.

There is irrefutable logic in the State's position insofar as the death did not occur until after the municipal court convictions. But it does not alter the more significant fact that a single statute, § 66–8–101, condemns both death-by-vehicle and great-bodily-injury-by-vehicle, and imposes the same penalty for either violation. It is equally undisputed that either offense under § 66–8–101 can only be committed by reckless driving or by DWI. Defendant was once convicted in municipal court of DWI arising out of the identical incident upon which defendant was later charged in district court; he cannot be tried again of a charge requiring proof of the identical conduct upon which he already has been convicted. *State v. Padilla.* The same rationale applies to the conviction for careless driving because the State has, by acquiescence, agreed that conviction of that offense in municipal court was tantamount to a conviction for reckless driving.

*Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), was concerned with a claim of double jeopardy for a later prosecution on auto theft following conviction of joyriding. But at footnote 7 in

*Brown,* it was suggested that the "necessary facts" exception of *Diaz* might exist "where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite due diligence." If the exception really applies to a "more serious charge," as *Brown* would indicate, rather than only to a charge which embraces a "lesser included offense," we have no difficulty in holding that the *Diaz* exception is not a factor in this case. Death-by-vehicle is not a "more serious charge" than great-bodily-injury-by-vehicle.

Applying the language of *Brown* literally, we conclude that defendant could have been charged with and convicted in district court of inflicting great-bodily-injury-by-vehicle under § 66-8-101 at the time he was charged in municipal court. If convicted, he would have been subject to the same penalty as would have applied had he not been tried in municipal court and had charges ultimately been brought instead for death-by-vehicle under that statute. The State had nothing to lose by filing "great-bodily-injury" charges in district court at the time of the accident upon the facts then known. Under those circumstances, no reliance on the "necessary facts" exception of *Diaz,* upon which rests excuse from filing the death-by-vehicle charges at the time, would have been required. Sufficient facts already were known to permit the filing of the alternative offense of great-bodily-injury-by-vehicle under the same statute; that charge would have borne the same felony conviction and the same felony penalty as would conviction of the alternative statutory offense of death-by-vehicle. Section 66-8-101 makes clear that the legislative concern is the infliction of harm as a result of defendant's unlawful conduct; and whether the harm done results in great bodily injury or in death, it is the defendant's conduct, not the result, that incurs equal punishment for either kind of harm.

Stated otherwise, death-by-vehicle is not a "greater charge" nor a "more serious charge" than great-bodily-injury-by-vehicle. Consequently, once defendant was convicted of the municipal court offenses underlying either of the district court alternative charges under § 66-8-101, there was no absence of "necessary facts" which would have preserved the charge of death-by-vehicle from the prohibition of double jeopardy.

The conviction and sentence are reversed and defendant is ordered discharged.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.