**STATE of Tennessee, Appellant,**

v.

**Rickey E. MITCHELL, Appellee.**

Supreme Court of Tennessee,
at Jackson.

Dec. 31, 1984.

---

Gordon W. Smith, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen. and Reporter, Nashville, for appellant. ·

Charles G. Black, Memphis, for appellee.

## OPINION

COOPER, Chief Justice.

■ The issue before this court is whether the double jeopardy clauses of the state and federal constitutions bar a prosecution for vehicular homicide when the defendant, prior to the victim's death, had pled guilty to and been sentenced in municipal court for driving while under the influence of an intoxicant, disregarding a stop sign, and unlawful possession of a controlled substance. We find no double jeopardy violation and reverse the judgment of the Court of Criminal Appeals dismissing the indictment for vehicular homicide.

A truck driven by defendant collided with a car driven by Lawrence John Pleasants on February 20, 1982. A state warrant was issued, and defendant appeared in the Municipal Court of Memphis two days after the accident where he waived a jury trial and entered his pleas of guilty. He was given a 60 day sentence, of which 58 days were suspended, and a $300.00 fine for driving while under the influence of an intoxicant. He was fined $25.00 for disregarding the stop sign, and another $250.00 for unlawful possession of a controlled substance. In addition, defendant was placed on probation for 11 months, 29 days, and his operator's license was suspended for six months. On March 2, 1982, Pleasants died, allegedly as the result of injuries he received in the February 20, 1982, accident.

On June 15, 1982, the Shelby County Grand Jury indicted the defendant on two counts of vehicular homicide. The first count charged that defendant, "did unlawfully and feloniously kill Lawrence John Pleasants by the operation of a motor vehicle" with the killing "being the proximate result of the said Rickey E. Mitchell's intoxication." The second count charged that defendant "did operate a motor vehicle ... at speeds in excess of the posted or legal speed limits" with the victim's death being the proximate result of "conduct creating a substantial risk of death or serious

bodily injury ... under circumstances manifesting ... extreme indifference to the value of human life."

The defendant moved to dismiss the indictment on the ground that the second prosecution violated the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article 1, Section 10, of the Tennessee Constitution. The motion to dismiss was denied, but an interlocutory appeal was taken to the Court of Criminal Appeals under Rule 9, T.R.A.P. A majority of that court reversed the dismissal of defendant's plea of double jeopardy, and dismissed the indictment charging vehicular homicide.

■■■ The double jeopardy clause of the Fifth Amendment of the federal constitution, applicable to the states through the Fourteenth Amendment, states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Article 1, Section 10 of the Tennessee Constitution provides that "no person shall, for the same offense, be twice put in jeopardy of life or limb." These clauses prohibit a state or the federal government from trying a defendant for a greater offense after it has convicted him of a lesser included offense. *Brown v. Ohio,* 432 U.S. 161, 168–69, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977); *State v. Cloud,* 588 S.W.2d 552, 553 (Tenn.1979). An offense is necessarily included in another "if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all of the elements of the lesser." *State v. Smith,* 627 S.W.2d 356, 358 (Tenn.1982).

■■■ An exception to the prohibition occurs, and prosecution is allowed for the greater offense, when an element of the greater offense has not occurred at the time of the prosecution for the lesser offense, or when facts necessary to the greater offense were not discovered prior to the first trial, despite the exercise of due diligence. *Jeffers v. United States,* 432 U.S. 137, 151–52, 97 S.Ct. 2207, 2216–17, 53 L.Ed.2d 168 (1977). This is, in effect, two exceptions for the subportions are dealt with separately. The first portion requires

only that an element necessary to complete the greater offense has not occurred at the time of the original prosecution. *Diaz v. United States,* 223 U.S. 442, 448–49, 32 S.Ct. 250, 251, 56 L.Ed. 500 (1912). It does not require a showing of due diligence. *United States v. Walker,* 546 F.Supp. 805, 810 (D.C.Hawaii 1982).

This defendant could not have been charged with vehicular homicide at the time of his trial in municipal court, for the death of Mr. Pleasants—a necessary element to prosecution for vehicular homicide—had not yet occurred. Thus, this case falls within the exception to the proscription against double jeopardy, and the defendant may be prosecuted for vehicular homicide.

We reverse the decision of the Court of Criminal Appeals, affirm the trial court's dismissal of defendant's plea of double jeopardy, and remand the case for further proceedings.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.