**Rickey E. MITCHELL,**
**Petitioner-Appellant,**

v.

**W.J. Michael CODY, Attorney General**
**of the State of Tennessee, et al.,**
**Respondents-Appellees.**

**No. 85–5603.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 9, 1986.
Decided Feb. 18, 1986.

Charles G. Black (argued), Memphis, Tenn., for petitioner-appellant.

W.J. Michael Cody, Gordon W. Smith (argued), Atty. Gen., Nashville, Tenn., for respondents-appellees.

Before MERRITT, JONES and NELSON, Circuit Judges.

PER CURIAM.

Petitioner Mitchell, who is facing trial for vehicular homicide in a state court in Tennessee, here appeals from a federal district court order denying his application for a writ of habeas corpus. Having already been tried on a lesser charge in connection with the motor vehicle accident that ultimately led to his being indicted for homicide, Mr. Mitchell argues that if Tennessee were to try him again it would violate the constitutional prohibition against double jeopardy. Finding that this case comes within the "necessary facts" exception to the general rule prohibiting successive prosecutions for a lesser offense and an offense that includes it, we affirm the denial of a writ of habeas corpus.

### I

The accident occurred on February 20, 1982, when Mr. Mitchell, who had been drinking, drove his pickup truck through a stop sign and hit an automobile driven by a Mr. Pleasants. Mr. Pleasants was badly injured. Mr. Mitchell was found to have a blood alcohol level of .12, and valium was discovered in his possession.

A state warrant was issued, and two days after the accident Mr. Mitchell appeared in the Municipal Court of Memphis and pleaded guilty to charges of driving while intoxicated, possession of a controlled substance, and disregarding a stop sign. A charge of reckless driving was dismissed. Mr. Mitchell was found guilty, fined, and given a 60 day jail sentence, with 58 days suspended.

Ten days later Mr. Pleasants died.

Mr. Mitchell was thereafter indicted by a Tennessee grand jury for unlawfully and feloniously killing Mr. Pleasants by the operation of a motor vehicle, in violation of Tennessee Code Annotated § 39–2–231(b). Mr. Mitchell moved to quash the indictment on the ground that because he had pleaded guilty to charges arising out of the February 20 accident it would be a violation of the double jeopardy clauses of the federal and state constitutions to try him again.

The trial court denied the motion to quash, and Mr. Mitchell perfected an interlocutory appeal to the Tennessee Court of Criminal Appeals. That court reversed, by a vote of two to one, and the state appealed to the Tennessee Supreme Court. The Supreme Court reversed the decision of the Court of Criminal Appeals, affirmed the trial court's dismissal of the double jeopardy plea, and remanded the case for trial. Mr. Mitchell then sought and was denied federal habeas corpus relief.

### II

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, which is now held to bind the states by reason of the Fourteenth Amendment, says that no person shall be subject to be put in jeopardy of life or limb twice "for the same offence." The statutory definition of the offense for which Mr. Mitchell has been indicted, vehicular homicide, is couched in terms of "the killing of another by the operation of an automobile...." The "killing of another" is not an element of the offenses of which Mr. Mitchell was convicted on February 22, 1982. Mr. Mitchell could not have been charged with vehicular homicide on or before February 22, 1982, because Mr. Pleasants was still alive at that time. As the United States Supreme Court recently reiterated, "[s]uccessive prosecutions are barred by the Fifth Amendment only if the two offenses for which the defendant is prosecuted are the 'same'...." *Heath v. Alabama,* 474

U.S. ——, ——, 106 S.Ct. 433, 437, 88 L.Ed.2d 387, 393 (1985).

■ Mr. Mitchell's plea of double jeopardy would doubtless have been well taken if Mr. Pleasants had died before February 22, because the charges to which guilty pleas were interposed would have constituted lesser offenses included within the offense of vehicular homicide. The Double Jeopardy Clause generally forbids prosecution for a greater offense after prosecution for a lesser included offense. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

■ There is, however, a well recognized exception to the general prohibition against prosecuting a defendant for a greater offense after he has already been tried for a lesser included offense. As the Supreme Court of Tennessee explained in the case at bar, speaking in a unanimous decision written by the Chief Justice, the exception to the general rule applies, and prosecution for the greater offense is allowed, "when an element of the greater offense has not occurred at the time of the prosecution for the lesser offense...." *Tennessee v. Mitchell*, 682 S.W.2d 918, 920 (Tenn.1984). The Tennessee court followed *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), where the United States Supreme Court held that it was not a violation of the double jeopardy provision of a federal statute governing the Philippine Islands for Mr. Diaz to be placed on trial for homicide after the death of a person for whose assault Mr. Diaz had been tried before the victim died. There is no reason to suppose that *Diaz* is not good law today; see *Garrett v. United States*, 471 U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), where Justice Rehnquist, who delivered the opinion of the Court, quoted and applied the following language from *Diaz:*

"The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to

put the accused in jeopardy for that offense."

471 U.S. at ——, 105 S.Ct. at 2418, 85 L.Ed.2d at 779, (quoting *Diaz*, 223 U.S. at 449, 32 S.Ct. at 251).

There is nothing inconsistent with this in *New Mexico v. Fugate*, 101 N.M. 82, 678 P.2d 710 (Ct.App.1983), where operative facts analogous to those in the case at bar were dealt with under a state criminal statute radically different from the Tennessee statute involved here. Like Mr. Mitchell, Mr. Fugate was convicted in a municipal court of careless driving and driving while under the influence of alcohol. After his conviction, one of the people who had been injured in the accident died. Charges of death-by-vehicle were then brought against Mr. Fugate in a state district court. The New Mexico Court of Appeals held that the *Diaz* "necessary facts" exception to the rule of *Brown v. Ohio* did not apply, because a single New Mexico statute "condemns both death-by-vehicle and great-bodily-injury-by-vehicle, and imposes the same penalty for either violation." 678 F.2d at 711. "It is equally undisputed," the Court of Appeals explained, "that either offense ... can only be committed by reckless driving or by DWI." Because Mr. Fugate was tried on a DWI charge in municipal court as an outgrowth of the same accident that later resulted in a homicide charge in district court, "he cannot be tried again of a charge requiring proof of the identical conduct upon which he has already been convicted." As the Court pointed out at 678 P.2d 712,

"The State had nothing to lose by filing 'great-bodily-injury' charges in district court at the time of the accident upon the facts ... known [at the time Mr. Fugate was charged in municipal court]. Under those circumstances, no reliance on the 'necessary facts' exception of *Diaz*, upon which rests excuse from filing the death-by-vehicle charges at the time, would have been required. Sufficient facts already were known to permit the filing of the alternative offense of great-bodily-injury-by-vehicle under the same statute;

672

that charge would have borne the same felony conviction and the same felony penalty as would conviction of the alternative statutory offense of death-by-vehicle."

Stated otherwise, the Court of Appeals concluded "there was no absence of 'necessary facts' which would have preserved the charge of death-by-vehicle from the prohibition of double jeopardy." *Id.*

On appeal to the Supreme Court of New Mexico, the decision of the Court of Appeals was reversed under the "jurisdictional" exception to the general rule on double jeopardy. The New Mexico Supreme Court thus did not reach the "necessary facts" question, but observed by way of dictum that "[t]he Court of Appeals opinion in *Fugate* concerning the necessary facts exception is ... proper and correct." *New Mexico v. Padilla,* 101 N.M. 58, 59, 678 P.2d 686, 687 (1984), *aff'd per curiam,* — U.S. —, 105 S.Ct. 1858, 84 L.Ed.2d 777 (4–4 decision) (1985). (See *Heath v. Alabama,* 474 U.S. —, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985), for a subsequent application of the dual sovereignty doctrine.)

Unlike the New Mexico criminal code, the Tennessee Code deals with vehicular homicide in isolation, designating it as a singular offense that cannot be charged without the actual killing of another. *Fugate* is thus inapposite here.

The Tennessee Court of Appeals held in this case that the "necessary facts" exception did not apply because "the applicability of this exception is conditioned on prosecutorial exercise of due diligence *before the first trial.* [Citing *Jeffers v. United States,* 432 U.S. 137, 150, 153, 97 S.Ct. 2207, 2215, 2217, 53 L.Ed.2d 168 (1977).] In the case *sub judice* the record does not reflect what, if anything, required the hasty disposition of the case within forty-eight (48) hours following the offenses, and within the hospitalization period of the victim who died from his injuries ten (10) days later."

■ In rejecting this conclusion, the Tennessee Supreme Court declared that the "necessary facts" exception "does not re-

quire a showing of due diligence." In this context, at least, we fully agree. Although nothing is so certain as death, nothing is so uncertain as the hour thereof. Mr. Mitchell was entitled to a speedy trial on the original charges, and we know of no constitutional requirement that the trial on those charges be delayed for some indeterminate period while the authorities conduct a deathwatch at the bedside of the victim.

■ It may well be true, as counsel for Mr. Mitchell has earnestly submitted, that it will be difficult successfully to defend Mr. Mitchell at his vehicular homicide trial, given Mr. Mitchell's plea of guilty on the earlier charges. The Constitution has not yet been interpreted to mean that every defendant is entitled to a successful defense, however, and any problems Mr. Mitchell's counsel may have at the homicide trial will not be the result of a violation of the Double Jeopardy Clause. That clause does not apply here, and the judgment of the United States District Court is therefore AFFIRMED.