This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38960**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**MOISES GROSSETETE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Marko D. Hananel, Assistant Attorney General
Santa Fe, NM

for Appellant

D. Eric Hannum
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals an order excluding witnesses as a discovery sanction. [MIO 1] This Court issued a notice of proposed summary disposition proposing to affirm on the basis that "the district court could reasonably have determined that the State's decision to obtain redacted copies of the reports by filing an [Inspection of Public Records Act (IPRA)] request with the expectation that Defendant would then have to relitigate the materiality of the reports was not in compliance with its prior discovery order." [CN 4] The State has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** In its memorandum, the State continues to argue, as it did below, that Defendant should have filed a motion, similar to the motion at issue in *State v. Pohl*, 1976-NMCA-089, 89 N.M. 523, 554 P.2d 984, in order to obtain a ruling from the district court regarding the materiality of the records that were the subject of a discovery dispute. [MIO 11; See RP 75-76 (asking Defendant to file a motion)] As pointed out in our notice of proposed disposition, the district court had already "found the personnel information to be relevant and material, to the point where a mistrial was declared, and ordered the State, without any exceptions or conditions, to provide the information to the defense." [CN 3-4 (quoting RP 111)]

**{3}** The State's argument in this regard makes no attempt to explain why Defendant, having already obtained a ruling on the relevance of the material at issue, ought to bear the burden of seeking another such ruling by way of in camera review. The State makes no attempt to explain why it did not seek in camera review of the documents at issue, why it did not seek an order, or even a subpoena, compelling the custodian of the relevant records to produce unredacted versions thereof.

**{4}** In *Pohl*, the defendant subpoenaed certain records, a city attorney asserted a privilege in response, and the defendant requested an in camera review. 1976-NMCA-089, ¶ 4. This Court found error in the district court's denial of that request. *Id.* ¶ 5. In the present case, no one has subpoenaed any records or requested in camera review of any documents. Instead, the State filed a request with the sheriff's office, pursuant to IPRA that predictably resulted in a records custodian turning over redacted documents for inspection, as required by IPRA. *See* NMSA 1978, § 14-2-1(C) (2019) (shielding "matters of opinion in personnel files" from public inspection). Then, along with the redacted document, the State filed a notice in which it suggested that if the defense wanted *another* determination that the material was relevant, "the State would request that the defense file a [m]otion to put the [c]ourt and the State on [n]otice, and that defense make a showing of materiality pursuant to . . . *Pohl* . . ., and other applicable case law." [RP 75] Under the circumstances, it was not an abuse of discretion for the district court to find, as it did, that "[t]he State's unilateral decision to submit an IPRA request and provide the defense with incomplete discovery [was] a violation of Rule 5-501 NMRA, LR2-308, and [the district c]ourt's January 10, 2020, order." [RP 111] The State's memorandum in opposition does not persuade us otherwise.

**{5}** That memorandum does direct our attention to *State v. Ferry*, for the proposition that we must assess a district court's exercise of discretion "by first, without deferring to the district court judge, deciding whether proper legal principles were correctly applied." 2018-NMSC-004, ¶ 2, 409 P.3d 918. To the extent that the State intends to assert that the district court somehow failed to correctly apply proper legal principles to any issue during the exercise of its discretion with regard to discovery sanctions, we note that—in the absence of any other requested relief from either party—the only question before the district court was whether to sanction the State for its discovery violation. As there was no other pending request involving in camera review or any other discovery matter, the district court did not misapply any "proper legal principles" with regard to any such issues.

**{6}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the order of the district court excluding witnesses as a sanction for the State's violation of discovery rules and the district court's discovery order.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**