177 N.J. Super. 136 (1980)
425 A.2d 711
STATE OF NEW JERSEY, PLAINTIFF,
v.
ANDREW KASZUBINSKI, DEFENDANT.
Superior Court of New Jersey, Law Division Passaic County.
Decided December 1, 1980.
*138 Dante Mongiardo for plaintiff (Joseph A. Falcone, Passaic County Prosecutor, attorney).
Salvatore Alfano for defendant.
ALTERMAN, J.S.C.
This is a motion to quash a subpoena duces tecum for production of a police witness' personnel record.
On the street outside Passaic Police Headquarters, Officer James Valle observed defendant tearing and discarding a traffic summons. The officer, who was not in uniform, approached defendant and spoke with him. The exact content of that conversation is not now known. Then, as the officer walked towards his vehicle, defendant entered his own car and drove it at the officer, knocking him to the ground. As defendant fled, Officer Valle fired a shot. Defendant was indicted for assault with a dangerous weapon.
Defendant argues that because Officer Valle is the State's sole witness, his credibility is the most crucial aspect of the entire case. Since, he contends, the officer's credibility is impinged by the irresponsible act of firing a weapon in these circumstances, he is entitled to inspect the police personnel file to determine whether it contains other instances of conduct that may affect the trustworthiness of Valle's testimony.
There is obviously a significant public interest in maintaining the confidentiality of police personnel records. They are essential to the development of complete and accurate information on members of the police department. Proper supervision *139 of the department demands a thorough investigation of a police officer's background before his appointment and accurate records relating to his performance after his appointment. Persons charged with the responsibility of conducting the affairs of the police department must be able to rely on confidential information prepared for internal use. The integrity of this information would be eroded if public exposure were threatened.
The confidentiality of these records, however, is not absolute. The Confrontation Clause of the Sixth Amendment to the United States Constitution and the New Jersey Constitution guarantee the right of cross-examination to a defendant in a criminal case. U.S. Const., Amend. VI; N.J. Const. (1947), Art. I, par. 10; California v. Green, 399 U.S. 149, 157, 90 S.Ct. 1930, 1934, 26 L.Ed.2d 489, 496-497 (1970); Smith v. Illinois, 390 U.S. 129, 131, 88 S.Ct. 748, 749, 19 L.Ed.2d XXX-XXX-XXX (1968); Pointer v. Texas, 380 U.S. 400, 404, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 926 (1955); State v. King, 112 N.J. Super. 138, 141 (App.Div. 1970), aff'd 59 N.J. 525 (1971). In Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Supreme Court held that the state's interest in maintaining the secrecy of a juvenile offender's record must yield to a defendant's right to effective cross-examination. Similarly, in State v. Allen, 70 N.J. 474 (1956), our Supreme Court sustained an order permitting a prosecutor to examine a proposed juvenile witness' records. There the prosecutor sought to examine a juvenile's medical records for the purpose of determining whether to move for a psychiatric examination of the juvenile. The court observed:
... The extent to which disclosure should be made when balanced against the interest of confidentiality of the juvenile records is not readily answerable. It is this delicate task to which the courts must address themselves....
Precisely where the line should be drawn depends upon the circumstances.... In weighing the showing of good cause by the movant, the extent of the disclosure must be considered. Where a legitimate interest exists, preliminary and confidential examination by the court (permitted by the statute and rules) may be warranted, even though the same interest might not justify public disclosure. Inherent in this process is the court's exercise of sound judgment and discretion. [at 484, 485]
*140 These observations are pertinent. For although the confidentiality of police personnel files is not founded upon an express state policy, the tension here also is between the need for confidentiality and constitutional imperative of confrontation. In addressing this "delicate task," then, it is appropriate to require at least some showing to justify a breach of confidentiality. Otherwise, the court would be required to inspect every police witness' personnel file in virtually every criminal case.
In other jurisdictions the disclosure of police personnel records has been permitted where they may reveal prior bad acts that bear peculiar relevance to the issues in trial. People v. Puglisi, 44 N.Y.2d 748, 405 N.Y.S.2d 680, 376 N.E.2d 1325 (Ct.App. 1978) (undercover police witness in narcotics case had improperly handled previous narcotics purchases); State v. Pohl, 89 N.M. 523, 554 P.2d 984 (Sup.Ct. 1976) and Pitchess v. Sup. Ct., 11 Cal.3d 531, 113 Cal. Rptr. 897, 522 P.2d 305 (Sup.Ct. 1974) (both involving assault on police officers where defendants demonstrated each officer had previously been accused of using excessive force in making arrests); People v. Vasquez, 49 App.Div.2d 590, 370 N.Y.S.2d 144 (App.Div. 1975) (police witness in narcotics case had been convicted for "shaking down" narcotics dealers); State v. Fleischman, 10 Or. App. 22, 495 P.2d 277 (Ct.App. 1972) (police officer, victim in an assault case, had previously been accused of using excessive force in making arrest).
Yet disclosure has been denied in other cases for a variety of reasons. Nabors v. Arkansas, Ark., 565 S.W.2d 598 (Sup.Ct. 1978) (no showing that the information would be useful to defendant); Commonwealth v. Santos, 376 Mass. 920, 384 N.E. 2d 1202 (Sup.Jud.Ct. 1978) (failure to demonstrate that juvenile records would assist in revealing witness' bias or motive); Hill v. Sup. Ct., 10 Cal.3d 812, 112 Cal. Rptr. 257, 518 P.2d 1353 (Sup.Ct. 1974) (defendant failed to show cause or reasonable justification); People v. Gissendanner, 48 N.Y.2d 543, 423 N.Y.S.2d 893, 399 N.E.2d 924 (Ct.App. 1978) (no factual showing that it is reasonably likely that the file contained relevant and material information); People v. Condley, 69 Cal. App.3d 999, 138 Cal. *141 Rptr. 515 (D.Ct.App. 1977) (no showing of good cause or plausible justification for inspection); State ex rel. Johnson v. Schwartz, 26 Or. App. 279, 552 P.2d 571 (Ct.App. 1976) (that defendant's attorney "heard" of another similar incident is not a sufficient showing); Cooper v. United States, 353 A.2d 696 (D.C.App. 1975) (defendant did not proffer a reason to believe that the material sought was contained in the file); People v. Sagner, 18 Or. App. 464, 525 P.2d 1073 (Ct.App. 1974) (whether the information exists is purely conjecture); People v. Lugo, 93 Misc.2d 195, 402 N.Y.S.2d 759 (Crim.Ct. 1978) (mere speculation and surmise that some information might be revealed).
Although these courts have not applied a uniform standard, they generally require some preliminary showing before permitting even an in camera inspection. Generally, it is not necessary for a defendant to establish that the personnel file actually contains relevant information, but he should at least advance "some factual predicate which would make it reasonably likely that the file will bear such fruit and that the quest for its contents is not merely a desperate grasping at a straw." People v. Gissendanner, 48 N.Y.2d supra, at 550, 423 N.Y.S.2d at 897, 399 N.E.2d at 928.
Defendant has not shown any basis to engender even a belief that the officer's personnel file contains relevant or material information, or anything that might bear upon the officer's credibility. An unsupported hope or prayerful expectation is not enough to require an in camera inspection of a police officer's personnel file. The motion, therefore, is granted.
One further observation is necessary. The purpose of a subpoena duces tecum is to obtain the production of documents or other items that will aid in the development of testimony at trial. It is not appropriately employed as a discovery device in criminal proceedings. An in camera inspection should be sought by motion.