208 N.J. Super. 65 (1986)
504 A.2d 1213
E.A., PLAINTIFF-APPELLANT,
v.
NEW JERSEY REAL ESTATE COMMISSION, NEW JERSEY DEPARTMENT OF INSURANCE AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 28, 1986.
Decided February 11, 1986.
*66 Before Judges MICHELS, GAULKIN and STERN.
Sarah T. Darrow, Deputy Attorney General, argued the cause for respondents (W. Cary Edwards, Jr., Attorney General, attorney; Deborah T. Poritz, Assistant Attorney General, of counsel).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff brought this action to require defendants to "remove and destroy" records in their possession which are the subject of an expungement order entered under N.J.S.A. 2C:52-1 et seq. The trial judge dismissed the complaint; defendant appeals.
Prior to 1971 plaintiff held real estate and insurance licenses issued by defendants. Those licenses were suspended or revoked upon plaintiff's criminal indictment and conviction in 1972. In 1975, plaintiff's real estate license was restored upon his application made pursuant to the Rehabilitated Convicted Offenders Act, N.J.S.A. 2A:168A-1 et seq. On February 27, *67 1984 plaintiff was granted the expungement order. He forwarded copies of the order to defendants and asked that they "correct" their records to show the absence of any criminal conviction. Shortly thereafter, plaintiff filed the present action, in which he alleged that "the defendants have refused and continued to refuse to obey [the expungement order], and have made public the records pertaining to the plaintiff and certain records concerning the plaintiff." His complaint was dismissed upon the trial judge's conclusion that, because they are not law enforcement agencies, defendants are beyond the reach of the expungement order. We find that conclusion to be correct and accordingly affirm.
N.J.S.A. 2C:52-1a defines expungement to mean
the extraction and isolation of all records on file within any court, detention or correctional facility, law enforcement or criminal justice agency concerning a person's detection, apprehension, arrest, detention, trial or disposition of an offense within the criminal justice system.
Consistent with that definition, N.J.S.A. 2C:52-10 requires copies of a petition for expungement to be served
upon the Superintendent of State Police; the Attorney General; the county prosecutor of the county wherein the court is located; the chief of police or other executive head of the police department of the municipality wherein the offense was committed; the chief law enforcement officer of any other law enforcement agency of this State which participated in the arrest of the individual; the superintendent or warden of any institution in which the petitioner was confined; and, if a disposition was made by a municipal court, upon the magistrate of that court.
If the petition is granted, N.J.S.A. 2C:52-15 directs that the records specified in the expungement order
shall be removed from the files of the agencies which have been noticed of the pendency of petitioner's motion and which are, by the provisions of this chapter, entitled to notice, and shall be placed in the control of a person who has been designated by the head of each such agency which, at the time of the hearing, possesses said records. That designated person shall, except as otherwise provided in this chapter, insure that such records or the information contained therein are not released for any reason and are not utilized or referred to for any purpose. In response to requests for information or records of the person who was arrested or convicted, all noticed officers, departments and agencies shall reply, with respect to the arrest, conviction or related proceedings which are the subject of the order, that there is no record information.
*68 In keeping with those provisions, the February 27, 1984 order of expungement directs that "the Clerk of the Superior Court of New Jersey, Essex County, remove from the court records all information" concerning plaintiff's arrest and conviction and further that
any law enforcement agency which possesses records which include information relating to the arrest which is the subject of this Order, remove from its records all such information, including any evidence of related detention, and place such information in the control of a person within the law enforcement agency designated to retain control over expunged records.
Although plaintiff argues that "all persons and all entities must comply" with the expungement order, both the order and the enabling legislation clearly have a more limited reach. The expungement order here is directed solely to the Clerk of the Superior Court and "any law enforcement agency" which possesses relevant records. That focus of the order is consistent with the statutory definition of expungement, i.e., the extraction and isolation of records on file within "any court, detention or correctional facility, law enforcement or criminal justice agency." Plaintiff does not contend, nor do we find any reason to conclude, that either of the defendants is a law enforcement or criminal justice agency. Cf. Maietta v. N.J. Racing Com'n., 93 N.J. 1, 8-10 (1983); In re Schmidt, 79 N.J. 344, 354-55 (1979). Plaintiff argues, rather, that there is an inequity in permitting a State licensing agency to maintain and use records of an occurrence which is elsewhere "deemed not to have occurred" (N.J.S.A. 2C:52-27). If that result is inequitable, the remedy must be a legislative one.
In light of our conclusion that defendants were not subject to the expungement order, we need not determine whether plaintiff's damage claim for defendants' alleged violation of the order was supported by a sufficient notice of claim pursuant to N.J.S.A. 59:8-4.
The order dismissing plaintiff's complaint is affirmed.