700 A.2d 1237

STATE OF NEW JERSEY, PLAINTIFF, v.
ROBERT J. ZEMAK, DEFENDANT.

Superior Court of New Jersey
Law Division
Hudson County

Decided April 15, 1997.

*Lawrence H. Posner*, Assistant Prosecutor and *Robert Zucconi*, Assistant Prosecutor, for the plaintiff (*Carmen Messano*, Hudson County Prosecutor, attorney).

*David J. DeFillippo*, for defendant (*Klatsky & Klatsky*, attorneys; *Mr. DeFillippo* on the brief).

*Lisa A. Thomas*, for the Secaucus Police Department (*Martin R. Pachman, P.C.*, attorneys; *Ms. Thomas* on the brief).

OLIVIERI, J.S.C.

The issue at bar is not whether the order for expungement should be granted, but whether or not the expungement statute controls petitioner's personnel records as maintained by the Secaucus Police Department.

Petitioner has been employed by the Secaucus Police Department since 1965 and currently holds the rank of lieutenant. The petition for expungement seeks the expungement of "all records, evidence and other documentation concerning the arrest, detention, dismissal and disposition" that occurred on October 14, 1975 in the Town of Secaucus. Petitioner was charged under Municipal Summons No. S217638 with Theft and Possession of Stolen Property. The Hudson County Prosecutor's Office downgraded the offenses and returned the matter to the Secaucus Municipal Court where both counts of the Summons were dismissed.

Neither the Secaucus Police Department (Department) nor any other state agency objects to the expungement of petitioner's criminal record; they object to the eradication of their personnel file. The police department, in its capacity as an employer, maintains personnel records of petitioner. According to the brief

supplied by the Department, there are two items contained solely in the personnel file with regard to the incident (Attachments B and G) in addition to those kept in the Department's general files maintained as a law enforcement agency. They are a 1975 letter from the Deputy Chief of Police to Frank Robbins, Director of Public Safety, and a 1975 letter from Mr. Robbins to petitioner advising the latter of his suspension without pay. The police department contends that their personnel records are beyond the reach of the expungement statute and, thus, are not subject to expungement.

## Legal Analysis

"The effect of expungement, that the expunged conviction is deemed not to have occurred, is stated broadly ... but in fact no records are destroyed; records are isolated and their availability is limited but not in ways that tie the hands of law-enforcement agencies." Cannel, *Criminal Code Annotated*, Comment 6, *N.J.S.* 2C:52–1. (citing *State v. XYZ Corp.*, 119 *N.J.* 416, 421, 575 *A.*2d 423 (1990).) One of the specific areas mentioned where "hands are not to be tied" is in deciding on employment within law enforcement. Cannel, Comment 6, *N.J.S.* 2C:52–1.

The New Jersey courts have not visited the issue of a law enforcement agency in its capacity as an employer within the sphere of expunging criminal records. However, police personnel records have been addressed. Police personnel records are considered "essential to the development of complete and accurate information on members of the police department." *State v. Kaszubinski*, 177 *N.J.Super.* 136, 138, 425 *A.*2d 711 (Law Div. 1980). In order to properly supervise an officer's performance during his time on the force, the department relies on "accurate records" prepared for internal use. *Kaszubinski, supra*, 177 *N.J.Super.* at 139, 425 *A.*2d 711. *Kaszubinski, supra*, goes on to address the paramount importance of preventing the "public exposure" of these records, as well as the need to maintain the integrity of the information. *Id.* at 139, 425 *A.*2d 711.

The Department's brief refers to New Jersey Executive Order 11 which prevents certain personnel records maintained by a police department from being disclosed without petitioner's consent. Records such as those which are in controversy are among that protected class of information and may only be used for employment purposes by the Department. Furthermore, *N.J.S.A.* 2C:52–30 enforces the confidentiality of the expunged data by making it a disorderly persons offense to reveal such information.

In *Matter of M.D.Z.*, 286 *N.J.Super.* 82, 86, 668 *A.*2d 423 (App.Div.1995), the Appellate Division revealed a reluctance to "expand the coverage" promulgated by the Legislature. *N.J.S.A.* 2C:52–1 provides "Expunged records shall include complaints, warrants, arrests, commitments, processing records, fingerprints, photographs, index cards, rap sheets, and judicial docket records." The statute refers to

"all records on file within any court, detention or correctional facility, law enforcement or criminal justice agency concerning a person's detection, apprehension, arrest, detention, trial or disposition of an offense within the criminal justice system."

The statute does not, however, call for the removal of **personnel** records from any **employment** files. The Appellate Division has held that state agencies other than law enforcement are beyond the expungement statute and cannot be compelled to remove references from their records. *E.A. v. New Jersey Real Estate Com'n*, 208 *N.J.Super.* 65, 504 *A.*2d 1213 (App.Div.), *certif. den.* 104 *N.J.* 415, 517 *A.*2d 413 (1986). This limitation implies that records maintained outside the realm of the law enforcement function are exempt from the expungement statute.

▇▇▇ The statute governing the expungement of records does not subject the Police Department as employer to the same restrictions as it does the Police Department as law enforcement entity. The purpose of the statute is to provide relief to the "one-time offender" and allow him to carry on as if the proceedings never occurred. However, in light of the Secaucus Police Department's duty to ensure public safety, and therefore maintain complete performance records of all its employees, the need for the

availability of those personnel records outweighs the desirability of having them isolated. The petition for Expungement of Criminal Records shall be granted. The request for removal of Police Department personnel records is denied.