NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3819-15T2

ANTHONY MASTROFILIPPO and
DIANE MASTROFILIPPO,

 Plaintiffs-Appellants,

v.

BOROUGH OF LITTLE FERRY, OFFICER
JOHN CLARK, OFFICER SAMUEL AGUILAR,
SERGEANT JAMES WALTERS, LIEUTENANT
SCOTT KRAL,1 MICHAEL CAPABIANCO,
GINO TESSARO,2 CHIEF RALPH VERDI and
DETECTIVE CRAIG HARTLESS,

 Defendants-Respondents,

and

ANGELA OROZCO,

 Defendant.
______________________________________

 Submitted June 26, 2017 – Decided July 14, 2017

 Before Judges Fisher and Fasciale.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 3552-12.

1
 Improperly pled as "Crowl."
2
 Improperly pled as "Tedesco."
 Law Offices of Louis A. Zayas, L.L.C.,
 attorneys for appellants (Louis A. Zayas, of
 counsel and on the brief; Alex Lee, on the
 brief).

 Hanrahan Pack, L.L.C., attorneys for
 respondents (Thomas B. Hanrahan, of counsel
 and on the brief; Kathy A. Kennedy, on the
 brief).

PER CURIAM

 Anthony and Diane Mastrofilippo (plaintiffs) appeal from four

orders3 cumulatively dismissing the complaint pursuant to Rule 4:6-

2(e) against the Borough of Little Ferry (Borough), Officer John

Clark, Officer Samuel Aguilar, Sergeant James Walters, Lieutenant

Scott Kral, Michael Capabianco, Gino Tessaro, Chief Ralph Verdi,

and Detective Craig Hartless (collectively referred to as the

Borough defendants). We reverse the orders dismissing the

pleadings, remand for further proceedings on the discovery issue,

and affirm the administrative dismissal against Orozco.

 Plaintiffs have had a history of conflict with their neighbor,

Orozco, and over time, this conflict expanded to the Borough

3
 As to the Borough defendants, they appeal from an August 2,
2013 order denying plaintiffs' discovery motion and granting
Borough defendants' cross-motion for a protective order and to
dismiss counts one, two, three, and six of the complaint pursuant
to Rule 4:6-2(e); and an August 23, 2013 order denying plaintiffs'
motion to amend the complaint. As to defendant Angela Orozco,
plaintiffs appeal from a June 12, 2015 order denying their motion
to vacate an order administratively dismissing counts four and
five of the complaint for lack of prosecution; and an April 1,
2016 order denying reconsideration.

 2 A-3819-15T2
defendants. Mr. Mastrofilippo filed an administrative complaint

against Lieutenant Kral because he was dissatisfied with

Lieutenant Kral's response to an altercation involving Mr.

Mastrofilippo. Lieutenant Kral had responded to Mr.

Mastrofilippo's call to police and allegedly told him "if you

don't like your neighbors why don't you sell your house and move

out of Little Ferry?" Lieutenant Kral later pulled Mr.

Mastrofilippo over for driving while using his mobile phone, but

then released him with a warning. Mr. Mastrofilippo had contacted

the Borough's Administrator, Mr. Capabianco, to report code

violations on Orozco's property. When the Borough issued Orozco

a violation, Orozco allegedly confronted Mr. Mastrofilippo and he

called the police. When the police arrived, Orozco told the police

that Mr. Mastrofilippo had allegedly sexually assaulted her (the

"underlying criminal case"). Mr. Mastrofilippo later emailed Mr.

Capabianco reporting more property violations by Orozco, but Mr.

Capabianco responded by informing Mr. Mastrofilippo of violations

on his property instead.

 A municipal court judge held a probable cause hearing in the

underlying criminal case. The parties dispute the details of what

occurred between Mr. Mastrofilippo and Orozco. At the hearing,

Orozco testified that he harassed her sexually. The municipal

court judge found that probable cause existed, and the police

 3 A-3819-15T2
arrested Mr. Mastrofilippo. The Bergen County Prosecutor's Office

subsequently dismissed the underlying criminal case.

 In May 2012, plaintiffs filed this complaint against Orozco

and the Borough defendants. Plaintiffs alleged municipal

liability under 42 U.S.C.A. § 1983 (Count One); malicious

prosecution (Count Two); false arrest (Count Three); defamation

per se by Orozco (Count Four); negligent property damage by Orozco

(Count Five); and loss of consortium (Count Six). Plaintiffs

filed a motion to compel production of personnel files and internal

affairs records of the Borough defendants. Defendants cross-moved

seeking a protective order and to dismiss the complaint for failure

to state a cause of action pursuant to Rule 4:6-2(e). On August

2, 2013, the judge denied plaintiffs' motion and granted the

Borough defendants' cross-motion and dismissed Counts One, Two,

Three, and Six of the complaint.

 Plaintiffs filed a motion to amend the complaint seeking to

plead three additional counts: conspiracy to file baseless

criminal charges under 42 U.S.C.A. § 1983 (Count Seven),

retaliatory prosecution in violation of plaintiffs' First

Amendment rights under 42 U.S.C.A. § 1983 (Count Eight), and abuse

of process (Count Nine). On August 23, 2013, the motion judge

denied plaintiffs' motion to amend the complaint. She also granted

the Borough defendants' cross-motion to dismiss the amended

 4 A-3819-15T2
complaint against them. Plaintiffs appealed from both August

2013 orders, but we dismissed the appeal as interlocutory.4

 On June 12, 2015, a different judge denied plaintiffs' motion

to vacate an administrative dismissal as to Orozco. He issued a

written decision concluding that plaintiffs' counsel failed to

submit a certification in support of the motion, and that the

court had dismissed plaintiffs' claims without prejudice against

Orozco in August 2012, well before the motion to vacate. On April

1, 2016, the same judge denied plaintiffs' motion for

reconsideration of the June 12 order. In denying the

reconsideration motion on the merits, the judge concluded that

plaintiffs failed to show exceptional circumstances. He then

dismissed the claims against Orozco with prejudice.

 On appeal, plaintiffs argue that the judge erred by granting

the Borough defendants' Rule 4:6-2(e) motions. They maintain

primarily that probable cause is a question for the jury and the

judge made findings of fact. Plaintiffs also contend that the

court erroneously denied their motions to amend the complaint,

compel discovery, and vacate the administrative dismissal as to

Orozco.

4
 Mastrofilippo v. Borough of Little Ferry, No. A-0584-13 (App.
Div. Feb. 19, 2015).

 5 A-3819-15T2
 I.

 We begin by addressing plaintiffs' contention that the judge

erred by dismissing their municipal liability, malicious

prosecution, false arrest, and loss of consortium claims. They

assert that the judge improperly relied on the finding of probable

cause in the underlying criminal case. At this stage, plaintiffs'

allegations, if proven, sufficiently state claims for these causes

of action.

 We review a grant of a motion to dismiss a complaint for

failure to state a cause of action de novo, applying the same

standard under Rule 4:6-2(e) that governed the trial court. See

Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010),

certif. denied, 205 N.J. 317 (2011). "[I]n reviewing a complaint

dismissed under Rule 4:6-2(e)[,] [the court's] inquiry is limited

to examining the legal sufficiency of the facts alleged on the

face of the complaint." Green v. Morgan Props., 215 N.J. 431, 451

(2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp.,

116 N.J. 739, 746 (1989)). "[P]laintiffs are entitled to every

reasonable inference of fact[,]" and "[t]he examination of a

complaint's allegations of fact required by the aforestated

principles should be one that is at once painstaking and undertaken

with a generous and hospitable approach." Id. at 452 (third

alteration in original) (quoting Printing Mart-Morristown, supra,

 6 A-3819-15T2
116 N.J. at 746). "[T]he test for determining the adequacy of a

pleading [is] whether a cause of action is 'suggested' by the

facts." Printing Mart-Morristown, supra, 116 N.J. at 746 (quoting

Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

 As to municipal liability, plaintiffs alleged that the

Borough defendants violated 42 U.S.C.A. § 1983, which provides

that

 [e]very person who, under color of any
 statute, ordinance, regulation, custom, or
 usage, of any State or Territory or the
 District of Columbia, subjects, or causes to
 be subjected, any citizen of the United States
 or other person within the jurisdiction
 thereof to the deprivation of any rights,
 privileges, or immunities secured by the
 Constitution and laws, shall be liable to the
 party injured in an action at law, suit in
 equity, or other proper proceeding for
 redress[.]

To establish a claim under this section, a plaintiff must prove

that the "defendants acted under color of state law and deprived

him of a well-established federal constitutional or statutory

right." Wildoner v. Borough of Ramsey, 162 N.J. 375, 385 (2000).

Where the basis for a plaintiff's claim is Section 1983, false

arrest, or malicious prosecution, like here, the existence of

probable cause will generally be an absolute defense. Id. at 389.

 7 A-3819-15T2
 The judge weighed the soundness of the evidence considered

by the municipal court judge. In her statement of reasons, the

judge wrote:

 In order to sustain a claim for municipal
 liability ([Count One]), malicious
 prosecution ([Count Two]), or false arrest
 ([Count Three]), plaintiff[s] bear[] the
 burden of demonstrating that the criminal
 proceeding and arrest was initiated without
 probable cause . . . . Here, a municipal
 judge made a judicial finding, based on the
 testimony of Orozco, that probable cause
 existed for the underlying charges. The court
 finds, based on a review of Orozco's testimony
 as set forth in plaintiff[s'] complaint, that
 the municipal court's determination was
 founded on sound evidence before it from which
 a reasonable inference of probable cause could
 be drawn . . . . Plaintiff[s have] not
 overcome the rebuttable presumption that
 probable cause existed for the municipal court
 to initiate a criminal proceeding against him.

 [(Emphasis added).]

 The judge made findings of fact rather than limiting her

analysis to whether the complaint "ma[de] allegations which, if

proven, would constitute a valid cause of action." Kieffer v.

High Point Ins. Co., 422 N.J. Super. 38, 43 (App. Div. 2011)

(quoting Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App.

Div. 2001)). Importantly, when "the facts giving rise to probable

cause are themselves in dispute[,]" the jury is to decide if

probable cause existed. LoBiondo v. Schwartz, 199 N.J. 62, 93

(2009). Plaintiffs alleged that the Borough defendants acted in

 8 A-3819-15T2
their capacity as policy-makers and law enforcement officials to

"falsely and maliciously" arrest Mr. Mastrofilippo, thereby

depriving him of his "rights to be free from malicious prosecution,

false arrest, and abuse of process, and his right to petition the

government and right to free speech."

 Plaintiffs have sufficiently stated a claim for malicious

prosecution. To establish malicious prosecution, a "plaintiff

must prove (1) that the criminal action was instituted by the

defendant against the plaintiff, (2) that it was actuated by

malice, (3) that there was an absence of probable cause for the

proceeding, and (4) that it was terminated favorably to the

plaintiff." Brunson v. Affinity Fed. Credit Union, 199 N.J. 381,

393-94 (2009) (quoting Helmy v. City of Jersey City, 178 N.J. 183,

190 (2003)). Malice is "the intentional doing of a wrongful act

without just cause," and a lack of probable cause alone is

insufficient to establish malice. Id. at 395-96 (quoting McFadden

v. Lane, 71 N.J.L. 624, 630 (E. & A. 1905)).

 Plaintiffs alleged that Borough police officers "with

knowledge of the history between [p]laintffs and Orozco,

recklessly disregarded the inconsistencies in Orozco's

accusations, and charged [Mr.] Mastrofilippo in retaliation for

his complaints about the Police Department." Plaintiffs further

maintained that the Borough defendants actively encouraged Orozco

 9 A-3819-15T2
to file charges against Mr. Mastrofilippo, that the municipal

court judge was misled into finding probable cause, and they point

out that the underlying criminal case was ultimately dismissed.

At this stage, we consider simply whether the cause of action is

suggested by the alleged facts, not whether the facts are true.

 Plaintiffs have also stated a claim for false arrest. "To

state a claim for false arrest under the Fourth Amendment, a

plaintiff must establish: (1) that there was an arrest; and (2)

that the arrest was made without probable cause." James v. City

of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). There is no

dispute that Mr. Mastrofilippo was arrested. Plaintiffs

maintained, as discussed above, that the Borough defendants and

Orozco misled the municipal court judge into finding probable

cause.

 The same is true for plaintiffs' loss of consortium claim.

A loss of consortium claim is "intended to compensate a person for

the loss of a spouse's 'society, companionship and services due

to the fault of another.'" Kibble v. Weeks Dredging & Constr.

Co., 161 N.J. 178, 190 (1999) (quoting Wolfe v. State Farm Ins.

Co., 224 N.J. Super. 348, 350 (App. Div.), certif. denied, 111

N.J. 654 (1988)). Plaintiffs alleged that the Borough defendants'

"actions have caused marital issues between [them]" and that

"[t]here is a lot of tension in the household[.]"

 10 A-3819-15T2
 II.

 We also conclude that the court erred by denying plaintiffs'

motion to amend the complaint to include causes of action for

conspiracy, retaliatory prosecution, and abuse of process.

 Rule 4:9-1 governs motions to amend the pleadings. Our

Supreme Court has construed this rule to "'require[] that motions

for leave to amend be granted liberally,' even if the ultimate

merits of the amendment are uncertain." Prime Accounting Dep't

v. Twp. of Carney's Point, 212 N.J. 493, 511 (2013) (alteration

in original) (quoting Kernan v. One Wash. Park Urban Renewal

Assocs., 154 N.J. 437, 456 (1998)). The Court stated, however,

that

 [o]ne exception to that rule arises when the
 amendment would be "futile," because "the
 amended claim will nonetheless fail and,
 hence, allowing the amendment would be a
 useless endeavor. [C]ourts are free to refuse
 leave to amend when the newly asserted claim
 is not sustainable as a matter of law. . . .
 [T]here is no point to permitting the filing
 of an amended pleading when a subsequent
 motion to dismiss must be granted."

 [Ibid. (second and third alterations in
 original) (quoting Notte v. Merchs. Mut. Ins.
 Co., 185 N.J. 490, 501 (2006)).]

Such is not the case here.

 Plaintiffs should have been allowed to add a claim for civil

conspiracy. A civil conspiracy is defined as a

 11 A-3819-15T2
 combination of two or more persons acting in
 concert to commit an unlawful act, or to
 commit a lawful act by unlawful means, the
 principal element of which is an agreement
 between the parties to inflict a wrong against
 or an injury upon another, and an overt act
 that results in damage.

 [LoBiondo, supra, 199 N.J. at 102 (quoting
 Banco Popular N. Am. v. Gandi, 184 N.J. 161,
 177 (2005)).]

 The focus of a civil conspiracy claim is the underlying wrong

rather than the conspiracy itself. Banco Popular, supra, 184 N.J.

at 178. In the amended complaint, plaintiffs alleged that the

Borough defendants "encouraged [Orozco] to fabricate allegations

of sexual misconduct" and "suppressed exculpatory evidence that

would have exonerated [Mr. Mastrofilippo]" in furtherance of the

conspiracy to file baseless charges against him, thereby depriving

him "of his constitutional rights to be free from false arrest,

malicious prosecution, and abuse of process."

 Plaintiffs should also be allowed to add a claim for

retaliatory prosecution under Section 1983.

 To prove the Section 1983 claim for
 retaliation under the First Amendment, a
 plaintiff must prove that: (1) "the activity
 in question was protected"; (2) that "his
 interest in the speech outweighs the state's
 countervailing interest as an employer in
 promoting the efficiency of the public
 services it provides through its employees";
 and (3) that "the protected activity was a
 substantial or motivating factor in the
 alleged retaliatory action."

 12 A-3819-15T2
 [Winters v. N. Hudson Reg'l Fire & Rescue, 212
 N.J. 67, 89 n.5 (2012) (quoting Baldassare v.
 New Jersey, 250 F.3d 188, 195 (3d Cir.
 2001)).]

Plaintiffs alleged that the Borough defendants retaliated against

Mr. Mastrofilippo for complaining of property violations,

expressing his opinion about the Borough in a public newsletter,

and filing complaints against Borough personnel.

 The same is true for plaintiffs' abuse of process claim. "To

be found liable for malicious abuse of process, a party must have

performed additional acts 'after issuance of process which

represent the perversion or abuse of the legitimate purposes of

that process.'" Hoffman v. AsSeenOnTV.com, Inc., 404 N.J. Super.

415, 431 (App. Div. 2009) (quoting Baglini v. Lauletta, 338 N.J.

Super. 282, 294 (App. Div.), certif. denied, 169 N.J. 607 (2001)).

"[P]rocess is not abused unless after its issuance the defendant

reveals an ulterior purpose he had in securing it by committing

further acts whereby he demonstrably uses the process as a means

to coerce or oppress the plaintiff." Ibid. (quoting Ruberton v.

Gabage, 280 N.J. Super. 125, 130 (App. Div.), certif. denied, 142

N.J. 451 (1995)).

 Plaintiffs alleged that the Borough defendants encouraged

Orozco to file the complaint and were willfully indifferent to the

existence of exculpatory evidence. They argue that the Borough

 13 A-3819-15T2
defendants' omission of investigative facts to ensure Mr.

Mastrofilippo's prosecution, excessive police presence at the

probable cause hearings, and Capabianco's targeting of Mr.

Mastrofilippo's property, sufficiently stated a cause of action

for abuse of process.

 Courts may deny a motion to amend the complaint if the amended

complaint would be dismissed in a subsequent Rule 4:6-2(e) motion.

Prime Accounting Dep't, supra, 212 N.J. at 511. Here, the motion

judge dismissed plaintiffs' conspiracy claim, writing:

 Plaintiffs alleged [the Borough defendants]
 induced Orozco to file a criminal complaint
 against plaintiff[s]. However, plaintiffs
 fail to cite to any legal authority for the
 proposition that [the Borough defendants] can
 be held liable for conspiracy to file an
 allegedly baseless criminal complaint . . .
 where a judge has independently decided that
 probable cause existed for an arrest.

The motion judge dismissed Count Eight, retaliatory prosecution

in violation of plaintiffs' First Amendment rights under 42

U.S.C.A. § 1983, stating "the United States Supreme Court 'has

never recognized a First Amendment right to be free from a

retaliatory arrest that is supported by probable cause.'" (quoting

Reichle v. Howards, 566 U.S. 658, 665, 132 S. Ct. 2088, 2093, 182

L. Ed. 2d 985, 992 (2012)). She then dismissed plaintiffs' abuse

of process claim for the same reasons as the conspiracy and

retaliatory prosecution claims.

 14 A-3819-15T2
 The motion judge erred in dismissing the amended complaint

for the same reasons she erred in dismissing Counts One, Two,

Three, and Six above. The motion judge determined the existence

of probable cause instead of searching the allegations in the

amended complaint for valid causes of actions. Kieffer, 422 N.J.

Super. at 43. Plaintiffs' ability to sufficiently prove all the

elements to the causes of action in the pleadings will be left for

another day.

 III.

 Plaintiffs contend that personnel records and internal

affairs files of the named Borough defendants are highly relevant

and likely to lead to admissible evidence (1) of inadequate

training and supervision, and failure to discipline, to establish

municipal liability under Section 1983 and (2) that probable cause

was a pretext for false arrest and malicious prosecution.

 We review a trial court's decision on discovery matters under

an abuse of discretion standard. Pomerantz Paper Corp. v. New

Cmty. Corp., 207 N.J. 344, 371 (2011). "That is, '[w]e generally

defer to a trial court's disposition of discovery matters unless

the court has abused its discretion or its determination is based

on a mistaken understanding of the applicable law.'" Ibid.

(alteration in original) (quoting Rivers v. LSC P'ship, 378 N.J.

Super. 68, 80 (App. Div.), certif. denied, 185 N.J. 296 (2005)).

 15 A-3819-15T2
 Here, the judge did not provide a sufficient explanation

supporting her order denying plaintiffs' motion to compel in her

statement of reasons, presumably because in the same order, she

dismissed the claims against the Borough defendants and thus, the

need for discovery became moot. The motion judge did note,

however, that there is a strong public interest in maintaining the

confidentiality of police personnel records and internal affairs

files. See State v. Kaszubinski, 177 N.J. Super. 136, 138 (Law

Div. 1980). Nevertheless, on remand, the court should address

more fully plaintiffs' motion to compel these records now that we

are reinstating the matter as to the Borough defendants.

 Finally, we conclude that plaintiffs' remaining argument as

to Orozco is without sufficient merit to warrant discussion in a

written opinion. R. 2:11-3(e)(1)(E). We therefore uphold the

orders dated June 12, 2015 and April 1, 2016.

 We reverse the orders dismissing the pleadings, remand for

further proceedings on the discovery issue, and affirm the

administrative dismissal against Orozco. We do not retain

jurisdiction.

 16 A-3819-15T2