**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1794-13T2
　　　　　　　　　　A-5857-13T2

STATE OF NEW JERSEY,

　　　　Plaintiff-Respondent,

v.

MAURICE TURNER,

　　　　Defendant-Appellant.

_____

　　　　　　Submitted January 10, 2017 — Decided September 7, 2017

　　　　　　Before Judges Espinosa and Guadagno.

　　　　　　On appeal from Superior Court of New Jersey,
　　　　　　Law Division, Mercer County, Indictment No.
　　　　　　04-02-0122.

　　　　　　Joseph E. Krakora, Public Defender, attorney
　　　　　　for appellant in A-1794-13 (Andrew J. Shaw,
　　　　　　Designated Counsel, on the brief).

　　　　　　Maurice Turner, appellant pro se in A-5857-
　　　　　　13.

　　　　　　Angelo J. Onofri, Mercer County Prosecutor,
　　　　　　attorney for respondent (Scott J. Gershman,
　　　　　　Assistant Prosecutor, of counsel and on the
　　　　　　brief in A-1794-13; Laura Sunyak, Assistant
　　　　　　Prosecutor, of counsel and on the brief in
　　　　　　A-5857-13).

PER CURIAM

Tried to a jury, defendant Maurice Turner was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1) (count one); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); and first-degree robbery, N.J.S.A. 2C:15-1 (count four). The sentencing judge merged count two with count one and imposed a life sentence on count one, subject to the eighty-five percent parole ineligibility term required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and a concurrent twenty-year sentence on count four.

On appeal, defendant claimed a detective's testimony included inadmissible hearsay; the prosecutor's summation improperly relied on facts not in evidence and usurped the function of the jury; the jury charge on theft incorporated facts not in evidence; the written outline of the elements of the offenses, which was distributed to the jury, arranged the crimes in a sequence that emphasized the most serious charges, thereby increasing the likelihood of conviction; trial counsel provided ineffective assistance by failing to move for a new trial; and the sentence imposed was excessive, especially when compared to the sentence imposed on a co-defendant who was convicted of felony murder and robbery. We rejected these arguments and affirmed. State v. Turner, No. A-1227-07 (App.

Div. Oct. 13, 2009) (slip op. at 2). Defendant's petition for certification was denied. 201 N.J. 446 (2010).

In October 2010, defendant filed a pro se petition for post-conviction relief (PCR) alleging a laundry list of claims of ineffective assistance of trial and appellate counsel. PCR counsel was assigned and sought production of documents relating to a detective who testified at trial claiming the documents could have been used at trial to impeach the detective. The motion was denied after oral argument.

Before his first PCR petition was decided, defendant submitted a pro se supplemental letter brief raising additional claims of ineffective assistance of trial counsel including, failure to move to suppress data retrieved from cell phones, and failure to move to suppress a black shirt which contained defendant's DNA.

On August 13, 2013, the PCR judge issued an order declining to consider defendant's pro se supplemental brief and denying relief without a hearing on the remaining claims. Defendant filed a notice of appeal on December 12, 2013, which we accepted as filed within time.

While his appeal was pending, defendant filed a second PCR petition attempting to raise the claims he had advanced in his rejected pro se supplemental brief. On July 9, 2014, a

different PCR judge filed an order accompanied by a decision denying defendant's second petition as procedurally barred. Defendant now appeals from that order and the order of August 13, 2013.

As to the first appeal (A-1794-13), defendant raises the following arguments:

POINT I

THE PCR COURT ERRED IN FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO ALL OF THE DEFENDANT'S CLAIMS.

POINT II

THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT HAD ESTABLISHED A REASONABLE LIKELIHOOD THAT HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLANT COUNSEL WOULD ULTIMATELY SUCCEED ON THE MERITS.

A. TRIAL COUNSEL'S FAILURE TO CORRECTLY ADVISE THE DEFENDANT AS TO HIS SENTENCING EXPOSURE.

B. TRIAL COUNSEL'S FAILURE TO REQUEST A CLAWANS[1] CHARGE AND TO MOVE TO DISQUALIFY THE PROSECUTOR FOR TESTIFYING AS A WITNESS.

C. TRIAL COUNSEL'S FAILURE TO ATTACK THE CREDIBILITY OF DETECTIVE EDGAR RIOS.

D. TRIAL COUNSEL'S FAILURE TO OBJECT TO THE RACIAL COMPOSITION OF THE JURY.

---

[1] State v. Clawans, 38 N.J. 162 (1962).

E. TRIAL COUNSEL'S CUMULATIVE ERRORS.

POINT III

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF RECORDS.

As to the second appeal (A-5857-13), defendant raises the following points:

POINT I

THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I PART 1 OF THE NEW JERSEY CONSTITUTION WAS VIOLATED BY THE PCR COURT'S REFUSAL TO HOLD A POST-CONVICTION RELIEF EVIDENTIARY HEARING TO ADJUDICATE THE DEFENDANT'S CLAIM THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

A. DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS LAWYER FAILED TO FILE A CLEARLY MERITORIOUS MOTION TO SUPPRESS THE CELL PHONES WHICH WERE ILLEGALLY SEIZED WITHOUT A SEARCH WARRANT AND CALL DETAIL RECORDS AS BEING THE FRUIT OF THE POISONOUS TREE.

B. DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS LAWYER FAILED TO FILE A CLEARLY MERITORIOUS MOTION TO SUPPRESS THE BLACK STATE PROPERTY SHIRT WHICH WAS ILLEGALLY SEIZED WITHOUT A SEARCH WARRANT AND DNA MATCH AS BEING THE FRUIT OF THE POISONOUS TREE.

A-1794-13T2

C.    TRIAL    COUNSEL    RENDERED
INEFFECTIVE  ASSISTANCE  OF  COUNSEL
BY  FAILING  TO  FILE  A  MOTION  FOR
DOUBLE  JEOPARDY  TO  BAR  RE-TRIAL  ON
COUNTS    I,    II,    AND    IV    OF    THE
INDICTMENT.

D.  APPELLANT['S]  COUNSEL  RENDERED
INEFFECTIVE  ASSISTANCE  OF  COUNSEL
BY  FAILING  TO  ORDER  MARCH  6,  2006
TRIAL    TRANSCRIPTS    AND    RAISE    ON
DIRECT  APPEAL  TRIAL  COUNSEL  FAILED
TO  FILE  A  MOTION  FOR  DOUBLE  JEOPARDY
TO  BAR  RE-TRIAL  ON  COUNTS  I,  II,  AND
IV  OF  THE  INDICTMENT.

POINT II

THE  PROCEDURAL  BAR  TO  RELIEF  UNDER  RULE  3:22-
4  SHOULD  NOT  APPLY  TO  APPELLANT'S  CLAIMS  UNDER
POINTS  C  AND  D.

We assume familiarity with the facts as related in our 2009 opinion and do not repeat them here.

First PCR Petition

Defendant first argues that the PCR judge failed to issue findings of fact and conclusions of law.  The judge noted that the twenty-five "miscellaneous arguments" raised in the initial petition lacked merit or were already addressed in our 2009 opinion.  The judge also observed that defendant "presents bare allegations without providing specific details on how, when, why, and where counsel made errors or omissions."  The judge declined to consider the new claims raised in defendant's pro se

supplemental brief noting defendant had ample opportunity to raise the claims in his PCR petition.

We agree that defendant's claims amounted to nothing more than bald assertions of ineffective assistance and therefore warranted neither an evidentiary hearing nor any substantive relief.

Defendant's pro se supplemental submission did not raise new claims as much as it repeated the claim that trial counsel was ineffective for failure to file a motion to suppress unspecified evidence seized without a warrant. The court disposed of that claim, but did not reference defendant's pro se brief.

Although defendant abandons most of the ineffective assistance claims made before the PCR judge, he maintains on appeal that trial counsel was ineffective for failure to (1) adequately advise him as to his sentencing exposure, (2) request an adverse inference charge as to an uncalled witness, (3) move to disqualify the prosecutor for testifying as a witness, (4) attack the credibility of a detective who testified at trial, and (5) object to the racial composition of the jury.

A defendant claiming ineffective assistance of counsel must show both that counsel's performance was deficient, and that deficiency caused him or her prejudice. State v. Goodwin, 173

N.J. 583, 596 (2002) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984)). The petitioner must demonstrate that counsel's performance fell outside "the wide range of reasonable professional assistance," and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 689, 694, 104 S. Ct. at 2065, 2068, 80 L. Ed. 2d at 694, 698. Counsel's strategic choices are entitled to a presumption of competence, so long as they are made after an adequate factual and legal investigation. State v. Harris, 181 N.J. 391, 488 (2003) (quoting Strickland, supra, 466 U.S. at 690-91, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695)), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005).

To obtain a hearing on a PCR petition, a defendant must demonstrate a "reasonable likelihood" of relief. State v. Marshall, 148 N.J. 89, 158, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997). Bald assertions of ineffective assistance will not suffice. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Defendant claims that his trial counsel failed to correctly advise him as to his sentencing exposure, asserting that, had he

known he risked a sentence of life imprisonment subject to NERA, he would have accepted a favorable plea deal. Defendant claims that counsel advised him that, if convicted, he could be sentenced to a term of thirty years to life. While defendant submitted certifications from trial counsel in support of his petition, it does not corroborate his claim that he was misinformed as to his exposure.

The PCR judge noted defendant acknowledged his trial counsel had informed him of his exposure of thirty years to life in prison and concluded that defendant had failed to establish a prima facie case for ineffective assistance warranting either an evidentiary hearing or any substantive relief. We agree.

Defendant's acknowledgment that he was advised his exposure could extend to life in prison completely undermines his claim that he was misinformed by trial counsel.

Defendant next challenges his trial counsel's failure to request an adverse inference charge as to a police lieutenant who was not called by the State as a witness and counsel's failure to move to have the prosecutor removed for testifying as a witness.

When a party seeks an adverse inference charge, the following factors must be considered:

(1) whether the "uncalled witness" was "peculiarly within" one party's control; (2) whether the witness was available "both practically and physically"; (3) whether the uncalled witness's testimony "will elucidate relevant and critical facts in issue"; and (4) whether "such testimony appears to be superior to that already utilized in respect to the fact to be proven."

[Washington v. Perez, 430 N.J. Super. 121, 128-29 (App. Div. 2013) (quoting State v. Hill, 199 N.J. 545, 569 (2009)).]

A decision to give or decline to give an adverse inference charge is reviewable only for an abuse of discretion. Bradford v. Kupper Assocs., 283 N.J. Super. 556, 580 (App. Div. 1995), certif. denied, 144 N.J. 586 (1996).

Defendant's claim arises from an exchange during trial counsel's cross-examination of Detective Timothy Thomas as to whether a set of keys were removed from the crime scene prior to the issuance of a search warrant:

> Q:   Do you know if it's noted anywhere in Detective Osvai's handwritten logs as to whether these keys were taken from the scene prior to the search warrant being issued?
>
> A:   It's probably not noted.
>
> Q:   Is the Trenton Police Department and officials from the Mercer County Prosecutor's Office prone to take items from scenes prior to getting search warrants?
>
> [PROSECUTOR]: Objection to the form of the question.

THE COURT:    Well, are they prone --

[PROSECUTOR]:   It's overbroad.

THE COURT:    Well, did they in this case?

[PROSECUTOR]:   Yes.

THE COURT:    It's what happened in this case.  Did that happen here?

THE WITNESS:   It happened here, it was ordered by my Lieutenant.  Lieutenant Parrey ordered Detective Osvai to get the keys to try to identify the victim.  It was a critical part in the investigation.  We had to find out who the victim was to backtrack how he got there, and that's why he did it.

Defendant claims that his "[t]rial counsel heard a conversation between the prosecuting attorney and . . . Thomas[,] in which . . . Thomas was advised to attribute statements to his Lieutenant in order to avoid the Lieutenant from being cross-examined."  Trial counsel's certifications are silent on the issue.

Defendant argued before the PCR judge and maintains now that trial counsel should have requested a Clawans[2] charge, informing the jury that it may draw an adverse inference from

---

[2] Clawans, supra, permits a negative inference to be drawn from the non-production of a witness within the party's control when the witness's testimony would have exposed facts in issue and would have been superior to evidence used by the party. 38 N.J. at 171.

the State's failure to call the lieutenant as his testimony would have been unfavorable to the State. Defendant also argues that trial counsel should have moved to have the prosecutor removed for testifying as a witness, presumably because the prosecutor answered in the affirmative to a single clarifying question from the judge during the course of Thomas's cross-examination.

The PCR judge rejected both arguments, reasoning that defendant's certification was the only support for his contention that Thomas was ever advised to testify on the lieutenant's behalf so he could avoid cross-examination. The judge concluded that a Clawans charge was not warranted.

Defendant fails to explain why the lieutenant's testimony would have been superior to the detective's testimony as to render an adverse inference charge clearly appropriate. Defendant suggests that the State feared subjecting the lieutenant to cross-examination, but does not identify what would have resulted from that cross-examination or how it would have changed the outcome of the case. Defendant alleged his trial counsel overheard the discussion between the prosecutor and the lead detective, but tellingly, counsel's certification does not support that claim and makes no mention of the incident. The prosecutor's response to the judge's question

12

during Thomas's cross-examination was plainly meant to clarify his objection, not to offer substantive testimony, and, in any event, Thomas testified with greater elaboration to the same substance thereafter.

The court's conclusion that counsel was not ineffective for failing to request the Clawans charge or to move for the prosecutor's removal finds ample support in the record.

Defendant next argues his trial counsel was ineffective in failing to impeach the credibility of Detective Edgar Rios with evidence that he was transferred out of the homicide unit for committing several administrative infractions. Defendant also challenges the PCR judge's denial of his motion to compel production of the police personnel records necessary to substantiate those infractions.

A court's determination whether to require disclosure of such records must depend on a balancing between the public interest in maintaining their confidentiality and an accused's constitutional right to confrontation of adverse witnesses at trial. State v. Harris, 316 N.J. Super. 384, 397-98 (App. Div. 1998). A party seeking production for in camera inspection need not definitively "establish that the personnel file actually contains relevant information," but must show at least "'some factual predicate which would make it reasonably likely that the

file will bear such fruit and that the quest for its contents is not merely a desperate grasping at a straw.'" State v. Kaszubinski, 177 N.J. Super. 136, 141 (Law Div. 1980) (quoting People v. Gissendanner, 399 N.E.2d 924, 928 (N.Y. 1979)).

Defendant relied on a newspaper article quoting an unidentified source who stated that twenty-eight administrative charges had been filed against Rios, including making a false statement, and that he was being transferred out of the homicide unit. The article also stated Rios was "long acknowledged as one of the department's best homicide detectives" and indicated other officers and detectives were being transferred out of the homicide unit.

In his written decision, the PCR judge noted that Detective Rios had very little involvement in this homicide investigation and his investigative charges had no connection with his work on this case. Rather, the violations were related to Detective Rios' failure to notify the family of a homicide victim in an unrelated case of the status of the investigation.

Defendant includes a copy of the newspaper article reporting the charges against Rios in his appendix but does not indicate when that article was published or in what publication it appeared. Detective Rios testified on July 26, 2007. The undated article in defendant's appendix was actually published

14

on April 16, 2008, nine months after Rios testified. <u>See</u> Joe D'Aquila, <u>Half of Homicide Detectives Charged, Transferred in Wake of Ramsey Case</u>, The Trentonian (April 16, 2008), http://www.trentonian.com/article/20080416/TMP01/304169956.

Defendant argues trial counsel was ineffective by failing to attack Rios' credibility "by showing he was issued 28 administrative charges including making a false statement and transferred out of the homicide unit."  Defendant has failed to show how his trial counsel could have confronted Rios with administrative charges which were not filed until long after the trial ended.  While we require attorneys to provide effective assistance to their criminal clients, we do not expect them to be clairvoyant.

Defendant next claims that trial counsel was ineffective for failure to object to the State's use of a peremptory challenge to strike the only African-American from the jury.

A defendant challenging a prosecutor's use of peremptory challenges must satisfy an initial burden of rebutting the presumption in favor of the constitutionality of a peremptory challenge by "'producing evidence sufficient to . . . draw an inference that discrimination has occurred.'" <u>State v. Osorio</u>, 199 <u>N.J.</u> 486, 502 (2009) (quoting <u>Johnson v. California</u>, 545 <u>U.S.</u> 162, 170, 125 <u>S. Ct.</u> 2410, 2417, 162 <u>L. Ed.</u> 2d 129, 139

15

(2005)).  In <u>State v. Watkins</u>, the Court suggested that trial courts consider the following factors:

> (1) that the prosecutor struck most or all of the members of the identified group from the venire; (2) that the prosecutor used a disproportionate number of his or her peremptories against the group; (3) that the prosecutor failed to ask or propose questions to the challenged jurors; (4) that other than their race, the challenged jurors are as heterogeneous as the community as a whole; and (5) that the challenged jurors, unlike the victims, are the same race as defendant.
>
> [114 <u>N.J.</u> 259, 266 (1989).]

However, where a single peremptory challenge used to "excuse the only qualified member of a cognizable group in the jury panel," and the defendant or victim belongs to the same group, the defendant may establish a prima facie case so long as the rest of the factors of the above standard are met. <u>State v. Pruitt</u>, 430 <u>N.J. Super.</u> 261, 272 (App. Div. 2013).  Once a defendant establishes a prima facie case, "[t]he burden shifts to the prosecutor to come forward with evidence that the peremptory challenges under review are justifiable on the basis of concerns about situation-specific bias." <u>State v. Gilmore</u>, 103 <u>N.J.</u> 508, 537 (1986).  The prosecution must then "articulate 'clear and reasonably specific' explanations of its 'legitimate reasons' for exercising each of the peremptory challenges." <u>Ibid.</u> (quoting <u>Tex. Dep't of Cmty. Affairs v. Burdine</u>, 450 <u>U.S.</u>

248, 258, 101 S. Ct. 1089, 1096, 67 L. Ed. 2d 207, 218 (1981)).

The PCR judge determined that defendant's trial counsel had no basis to raise a Pruitt challenge to the State's use of a peremptory challenge, as the State presented a "cognizable, non-discriminatory reason" to challenge the juror, explaining:

> The record of the jury selection discloses that Juror 4 had two siblings who had previously been incarcerated for convictions on drug charges. . . . One of her brothers was incarcerated in a federal prison in Pennsylvania, while the other had served time in Mercer County before being transferred to Atlantic County. . . . At the time the State exercised its peremptory challenge excusing Juror 4, there was no indication that she was the last remaining African-American Juror on the panel. . . . Indeed, prior to Juror 4's excusal, the trial court informed both the State and defense counsel that a new jury panel was on its way for voir dire. . . . A new jury panel was, in fact, introduced and voir dire commenced thereafter.

We are satisfied that trial counsel would have been unable to make a threshold showing that the State exercised its peremptory challenge in a constitutionally impermissible fashion sufficient to draw an inference that discrimination had occurred. Thus, trial counsel's failure to object to the State's use of this peremptory challenge did not amount to ineffective assistance.

The remaining arguments raised by defendant in this appeal lack sufficient merit to warrant further discussion in our

opinion. R. 2:11-3(e)(2).

Second PCR Petition

Defendant argues that his second PCR petition, which raised various claims of ineffective assistance of trial and appellate counsel should not have been procedurally barred. The PCR judge found the claims barred by Rule 3:22-4(b). The Rule provides:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under R. 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [R. 3:22-4(b).]

The claims raised by defendant in his second PCR petition alleging ineffective assistance of trial and appellate counsel do not fall into any of the three narrow categories permitting relief. Even if we were to consider his claims, they lack merit.

Defendant presented two arguments: (1) trial counsel should have moved to suppress the cell phones recovered at the scene of the murder and a shirt bearing defendant's DNA recovered from his residence; and (2) trial counsel should have moved for dismissal on double jeopardy grounds after the mistrial, and appellate counsel should have raised that issue on appeal.

The record clearly establishes that search warrants were obtained for both the murder scene and defendant's residence. Defendant's claim that items were seized before the warrants were actually obtained is not supported by the record.

Defendant next argues that trial counsel was ineffective for failure to move for dismissal of his indictment on double jeopardy grounds after the first mistrial, and that appellate counsel was ineffective for failure to raise the same argument or order the necessary supporting transcript on appeal.

The mistrial came about after a detective unexpectedly

volunteered on cross-examination that co-defendant Karla Freeman provided investigators with defendant's cell phone number, which corresponded with the phone that was recovered at the scene of the crime. Defendant's counsel promptly moved for a mistrial pursuant to United States v. Bruton, 391 U.S. 123, 126, 88 S. Ct. 1620, 1622, 20 L. Ed. 2d 476, 479 (1968), on the ground that he could not cross-examine Freeman, the source of the incriminating information. On further questioning, the detective acknowledged that he had never interviewed Freeman and had no personal knowledge of her incriminating statement. The court ultimately granted the mistrial.[3]

Here, defendant's trial counsel moved for the mistrial and has not alleged before the trial judge, the PCR judge, or us, that the mistrial was brought about by bad faith on the State's part. State v. Farmer, 48 N.J. 145, 174 (1966), cert. denied, 386 U.S. 991, 87 S. Ct. 1305, 18 L. Ed. 2d 335 (1967). A retrial after a mistrial is permissible if there was "sufficient legal reason and manifest necessity to terminate the trial," State v. Loyal, 164 N.J. 418, 435 (2000), or the defendant

---

[3] Co-defendant, Karla Freeman raised an identical claim of ineffective assistance based on her trial counsel's failure to argue for dismissal based on double jeopardy. Both appeals were calendared together before us and, in separate opinions filed today, we reject both claims. See State v. Freeman, No. A-3386-14 (App. Div. September 7, 2017).

consents to the termination, <u>United States v. Dinitz</u>, 424 <u>U.S.</u> 600, 607, 611, 96 <u>S. Ct.</u> 1075, 1079-81, 47 <u>L. Ed.</u> 2d 267, 274, 276 (1976).  Both circumstances were present here.

The remaining arguments raised by defendant in this appeal lack sufficient merit to warrant further discussion in our opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION